922 So.2d 279 (2006)
Jacquelyn DAVIS a/k/a Jacquelyn Hogan, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2785.
District Court of Appeal of Florida, First District.
February 9, 2006.
Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Charlie Crist, Attorney General; Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct appeal of judgment and sentence imposed for conviction for sale of cocaine, we affirm on every issue raised by appellant except for one. We agree with appellant that she is entitled to a new trial because the conjunction "and/or" was included between appellant's name and the name of appellant's co-defendant in pertinent portions of the jury instructions in a manner that could have misled the jury into believing that it could convict appellant based solely on a finding that the co-defendant sold cocaine. See Cabrera v. State, 890 So.2d 506, 508 (Fla. 2d DCA 2005); Dorsett v. McRay, 901 So.2d 225, 226-27 (Fla. 3d DCA 2005); Concepcion v. State, 857 So.2d 299, 301 (Fla. 5th DCA 2003); Davis v. State, 804 So.2d 400, 404-05(Fla. 4th DCA 2001). See also Calabrese v. State, 886 So.2d 396, 399 (Fla. 1st DCA 2004). As did the Second District, we "specifically reject the State's argument that the use of the standard `principals' instruction cured the erroneous instructions on the substantive elements of the offenses." Zeno v. State, 910 So.2d 394, 396 (Fla. 2d DCA 2005).
REVERSED and REMANDED FOR NEW TRIAL.
ERVIN, DAVIS and LEWIS, JJ., concur.