967 So.2d 236 (2007)
David Dwayne BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2348.
District Court of Appeal of Florida, Third District.
August 15, 2007.
Rehearing and Rehearing Denied November 8, 2007.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Maria T. Armas, Assistant Attorney General, for appellee.
Before COPE and ROTHENBERG, JJ., and FLETCHER, Senior Judge.
Rehearing and Rehearing En Banc Denied November 8, 2007.
FLETCHER, Senior Judge.
David Dwayne Brown seeks to reverse his judgment of conviction and sentences. We affirm in part and reverse in part.
Brown was arrested on July 26, 2003 and was charged by indictment with two counts of first degree felony murder, one count of attempted first degree murder, one count of possession of a firearm *237 by a violent career criminal, and one count of use of a firearm in the commission of a felony. On March 25, 2004, he filed a demand for speedy trial. On May 20, 2004, during jury selection proceedings, the prosecutor indicated to the judge that the indictment did not charge Brown with first degree premeditated murder and that he would need additional time to obtain a new indictment. The court allowed the state to proceed, and on May 25, 2004, after the expiration of the speedy trial period, the state filed a new indictment charging two counts of first degree premeditated murder. After arraignment on the new indictment, the trial proceeded to conclusion with a different jury and the defendant was convicted of first degree murder as charged in the indictment, as well as of the charges that remained unchanged from the original indictment.
The record indicates that Brown never waived his right to a speedy trial. There is no dispute that the indictment which added the premeditation charges was filed by the state after the speedy trial period had expired. If the premeditation charges were new charges arising out of the same criminal event, then the amended indictment is indeed time barred. See State v. Naveira, 873 So.2d 300 (Fla.2004); State v. Williams, 791 So.2d 1088 (Fla.2001)(the State cannot wait until after the speedy trial period expires to charge a defendant.). The issue here is whether the post-speedy premeditation charges are truly "new" charges which would preclude the trial court from proceeding under the May 25, 2004 indictment.
In DuBoise v. State, 520 So.2d 260 (Fla. 1988), the Florida Supreme Court stated that the failure to include an essential element of a crime does not necessarily render an indictment so defective that it will not support a judgment of conviction when the indictment references a specific section of the criminal code which sufficiently details all the elements of the offense. See also McClamrock v. State, 374 So.2d 1076 (Fla. 2d DCA 1979). DuBoise argued the state's failure to include an essential element of the offense in the charging document, i.e., the use of actual physical force, rendered the indictment fundamentally defective for failure to charge a crime. DuBoise, 520 So.2d at 264. The Florida Supreme Court held that by referencing the statute under which DuBoise was charged, which defined all the elements of the offense including the element of use of physical force, the indictment gave adequate notice to DuBoise of the specific crimes with which he was charged. DuBoise, 520 So.2d at 265.
The same analysis applies in this case. The original indictment of September 2003 and the amended indictment of November 2003[1], without tracking statutory language precisely, stated that counts one and two against Brown were for first degree murder, and cited to section 782.04(1), Florida Statutes (2003), which section encompasses the specific element of premeditation. The new, post-speedy indictment filed on May 25, 2004, adding the specific element of premeditation similarly did not track the statutory language exactly but included the same citation to section 782.04(1). Thus, under a DuBoise analysis, the statute cited in the original and amended indictments was sufficient to apprise Brown of the element of premeditation. It follows that the new, post-speedy indictment did not charge a "new" offense, rather, it merely more specifically elucidated the elements of the originally charged offense. Additionally, as we read the record, the defense was aware prior to expiration of the speedy trial period that the state intended *238 to charge both premeditated and felony murder. Thus, we find that as the original indictment sufficiently apprised Brown of the premeditation element of the murder charges against him prior to expiration of the speedy trial period, there was no prejudice to him in proceeding under the May 25, 2004, indictment. See Pezzo v. State, 903 So.2d 960 (Fla. 1st DCA 2005)("The state may amend an information after the speedy trial period expires so long as the amendment does not result in new charges.")[e.s.]; State v. Clifton, 905 So.2d 172 (Fla. 5th DCA 2005)("Filing an amended information that contains a new charge based on the same criminal episode as the previously filed charges is certainly prejudicial.")[e.s.]. We affirm on this issue.
The trial court gave the jury the following instructions on first degree and attempted first degree murder:
I now instruct you on the circumstances that must be proven before the defendant may be found guilty of murder in the first degree or any lessor included crime and/or attempted first degree murder or any lessor included crime.
There are two ways in which a person may be convicted of first degree murder. One is known as premeditated murder and the other is known as felony murder.
Before you can find the defendant guilty of first degree premeditated murder the state must prove the following three elements beyond a reasonable doubt. As to Count one, first Eric Williams is dead. Second, the death was caused by the criminal act of the defendant or another person acting as a principal. Third there is a premeditated killing of Eric Williams.
As to Count 2, Edward Leon Bernard is dead. Second, the death was caused by the criminal act of the defendant or another person acting as a principal. Third, there was a premeditated killing of Edward Leon Bernard.
* * * * *
Before you can find the defendant guilty of attempted first degree murder premeditated murder the state must prove the following three elements beyond a reasonable doubt.
First, the defendant or another person acting as a principal did some act intended to cause the death of Lawrence Wade that went beyond just thinking or talking about it.
Second, defendant or another person acting as a principal acted with a premeditated design to kill Laurence Wade.
Third, the act would have resulted in the death of Lawrence Wade except that someone prevented the defendant from killing Lawrence Wade or he failed to do so.
[e.s.].
These instructions as modified by the trial court incorrectly implied that David Brown could be convicted of first degree premeditated murder and attempted first degree murder based solely on a finding that the criminal conduct of another person acting as a principal satisfied the elements of those offenses. As applied to Counts 2 and 3, we find this to be fundamental error. See Harris v. State, 937 So.2d 211 (Fla. 3d DCA 2006)(holding that including the "and/or" conjunction between the names of defendants in jury instruction results in fundamental error because it creates a situation in which the jury may have convicted the defendant based solely upon a finding that codefendant's conduct satisfied an element of the offenses); Dorsett v. McRay, 901 So.2d 225 (Fla. 3d DCA 2005)(same); Cabrera v. State, 890 So.2d *239 506 (Fla. 2d DCA 2005); Concepcion v. State, 857 So.2d 299 (Fla. 5th DCA 2003); Williams v. State, 774 So.2d 841 (Fla. 4th DCA 2000).
Although the court applied the erroneous language to the jury instructions for Count 1, the murder of Eric Williams, we conclude no fundamental error occurred in that instance. Eric Williams was shot by a rifle, and eyewitnesses saw Brown with the rifle. The State made no argument that the jury should attribute guilt to Brown where some other person may have participated in Eric William's shooting. The only claim was that Brown shot Williams, and for this reason we find no fundamental error as to the jury instructions for Count 1 of the indictment.
As applied to Counts 2 and 3 of the indictment, however, we agree with Brown that the trial court committed fundamental error when it modified the standard jury instructions for first degree murder and attempted first degree murder by using language that allowed the jury to convict Brown based solely on the criminal conduct of another, where the evidence supporting those counts did not directly implicate Brown. The evidence showed that Wade and Bernard were shot with a shotgun, and Williams was killed with a rifle. The state's argument that Brown was a principal in the shotgun killings is based on an inference that Brown returned to the scene with a co-defendant who had the shotgun. With the modified instructions, all the jury had to do was conclude that the other man shot Wade and Bernard with the shotgun, and it could thereby convict Brown based on the criminal acts of another. As discussed above, this is error.
We thus affirm Brown's conviction and sentence in Count 1 for the murder of Eric Williams, but reverse and remand for a new trial on Counts 2 and 3 for the murders of Edward Leon Bernard and Laurence Wade.
Affirmed in part and reversed in part.
NOTES
[1] See 14A Fla. Jur.2d Criminal Law § 1123.