980 So.2d 1038 (2008)
Zamir GARZON, Petitioner,
v.
STATE of Florida, Respondent.
Ray C. Balthazar, Petitioner,
v.
State of Florida, Respondent.
Nos. SC06-2235, SC06-2290.
Supreme Court of Florida.
April 10, 2008.
Samuel R. Halpern of the Law Firm of Samuel R. Halpern, P.A., Fort Lauderdale, FL, for Petitioner Zamir Garzon.
*1039 John F. Cotrone of the Law Firm of John F. Cotrone, P.A., Fort Lauderdale, FL, for Petitioner Ray C. Balthazar.
Bill McCollum, Attorney General, Tallahassee, FL, Celia A. Terenzio, Assistant Attorney General, Bureau Chief, and Mitchell A. Egber and Monique E. L'Italien, Assistant Attorneys General, West Palm Beach, FL, for Respondent.
WELLS, J.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Garzon v. State, 939 So.2d 278 (Fla. 4th DCA 2006). The district court certified that its decision is in direct conflict with the decisions of the First and Second District Courts of Appeal in Davis v. State, 922 So.2d 279 (Fla. 1st DCA 2006), Zeno v. State, 910 So.2d 394 (Fla. 2d DCA 2005), and Cabrera v. State, 890 So.2d 506 (Fla. 2d DCA 2005). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.[1]
In this case, we address the unobjected-to use of the "and/or" conjunctive phrase between the names of defendants in criminal jury instructions. We hold that the use of "and/or" was error but that it was not fundamental error as to either defendant in these consolidated cases. Accordingly, we approve Garzon.

I. FACTS
The Fourth District described in detail the facts of this case. See Garzon, 939 So.2d at 279-82. On March 21, 2003, two individuals attempted to kidnap the Smith family's son. On March 22, 2003, a home invasion occurred at the Smiths' house, while only the grandmother was there. On June 4, 2003, a second home invasion occurred, this time while the mother, daughter, and a housekeeper were at home. Only the crimes that occurred on June 4 were charged against the defendants in this case; however, evidence of the March offenses was introduced at trial as Williams[2] rule evidence.
In the June 4 crimes, two individuals forced their way through the Smiths' front door as their housekeeper was coming in that same door. These individuals, identified by members of the Smith family as Ray Balthazar and Charly Coles, then robbed the Smiths of several items. During the home invasion, one of the perpetrators spoke on a cell phone, as if receiving instructions or guidance in executing the crimes. As the Fourth District explained:
The state's theory of the case was that Garzon directed the home invasion by his cell phone conversation with Balthazar. Garzon had previous connections with the Smiths. He had been in the Smiths' home numerous times, working for a man who had built the false wall safe. The state presented evidence of a 39-minute cell phone call at the time of the home invasion; the call originated from Pompano Beach between Balthazar and a cell phone number identified with Garzon.
Id. at 281.
Balthazar, Coles, and Garzon were all tried before the same jury. Each had separate defense counsel. All three defendants were charged with the same seven crimes: criminal conspiracy, armed burglary of a dwelling, armed robbery, three counts of armed kidnapping, and extortion. *1040 After a jury trial, Balthazar was convicted as charged on all counts, and Garzon and Coles were acquitted of extortion and convicted on all other counts.[3]
The judge provided the State and all defense counsel with a packet of instructions the day before the trial court instructed the jury. The next day, the court asked if counsel had reviewed the instructions and whether they had any objections to the instructions as written. The State and all defense counsel replied that they had no objections and that nothing in the instructions needed to be changed.
The instructions given used "and/or" between the defendants' names for the seven counts. For example, in instructing the jury on the elements of armed burglary, the trial court stated:
To prove the crime of armed burglary of a dwelling, as charged in Count Two of the information, the State must prove the following three elements beyond a reasonable doubt. Number one, Zamir Garzon and/or [Charly] Coles and/or Ray Balthazar entered or remained in a structure owned by or in the possession of Sandra Smith.
Number two, Zamir Garzon and/or [Charly] Coles and/or Ray Balthazar did not have the permission or consent of Sandra Smith or anyone authorized to act for her to enter or remain in the structure at the time.
Number three, at the time of entering or remaining in the structure, Zamir Garzon and/or [Charly] Coles and/or Ray Balthazar had a fully formed, conscious intent to commit the offense of grand theft and/or robbery in that structure.
(Emphasis added.) These instructions, along with the other instructions given to the jury, were also provided in written form and were permitted to be used by the jury during its deliberations.
In addition to charging the jury on the substantive crimes, the trial court gave a standard charge on principals. This instruction read:
If the defendant helped another person or persons commit or attempt to commit a crime, the defendant is a principal and must be treated as if he had done all the things the other person or persons did, if the defendant had a conscious intent that the criminal act be done and the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist or advise the other person or persons to actually commit or attempt to commit the crime. To be a principal, the defendant does not have to be present when the crime is committed or attempted.
The trial court also gave a multiple defendants instruction, which read:
A separate crime is charged against each defendant in each count of the information. The defendants have been tried together; however, the charges against each defendant and the evidence applicable to him must be considered separately. A finding of guilty or not guilty as to one or some of the defendants must not affect your verdict as to any other defendants or other crimes charged.
Lastly, each jury verdict form was individualized to each defendant and did not use the "and/or" language.
All three defendants were convicted. Garzon and Balthazar appealed to the *1041 Fourth District.[4] On appeal, Garzon and Balthazar argued that the use of "and/or" allowed the jury to convict the defendants based on a codefendant committing some or all of the elements of the charged crimes. Their theory was that the jury could have concluded that the State was only required to prove that Garzon "or" Balthazar "or" Coles committed the elements of the offenses and that if, for example, Balthazar committed all of the elements and Garzon committed none, the jury could still convict Garzon based on Balthazar's actions.
If the law of principals applied, the jury could in fact convict Garzon based on Balthazar's actions, provided Garzon had a conscious intent that the criminal acts be done and that Garzon did or said something to aid or encourage those acts. See, e.g., Staten v. State, 519 So.2d 622, 624 (Fla. 1988) ("In order to be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime."). Garzon and Balthazar argued on appeal to the Fourth District, however, that the jury could convict them based on the acts of another without ever finding that Balthazar and Garzon were principals. Their theory was that this was possible because the elements in the instructions on Counts I through VII simply said "and/or," not "and/or, if you conclude that the law of principals applies."
Conceding that they did not object to the instructions at trial, Garzon and Balthazar argued in the district court that the use of "and/or" was fundamental error. The Fourth District rejected this argument. Relying on our decision in State v. Delva, 575 So.2d 643, 645 (Fla.1991), the Fourth District concluded that the use of "and/or" had not "reach[ed] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Garzon, 939 So.2d at 282 (quoting Delva, 575 So.2d at 644-45). Accordingly, the Fourth District concluded that the use of "and/or" was not fundamental error. The court explained:
This is not a case where the court failed to correctly instruct on an element of the crime over which there was a dispute. All elements of all crimes were correctly charged. What the "and/or" conjunctions placed in issue was whether one defendant could be held criminally liable for the conduct of a codefendant. If the law of principals applies to a defendant's conduct, that defendant can properly be convicted for a codefendant's criminal acts. Garzon could have been found guilty if either Coles or Balthazar committed a substantive crime and Garzon helped either man commit the crime within the meaning of the principals instruction.
. . . .
With respect to Garzon, everyone in the courtroom knew that the issue boiled down to whether the state had proven that he was the person to whom Balthazar spoke over the cell phone during the home invasion.
Id. at 284 (citations omitted).
In reaching its conclusion that no fundamental error occurred, the Fourth District considered the totality of the record at trial. It noted that the prosecution had not argued for the use of the "and/or" instruction in an improper manner. Instead, *1042 the State emphasized the law of principals' proper role to the jury, using "the principals instruction as the centerpiece of its argument that Garzon was guilty of the crimes committed by his codefendants." Id. Further, the Fourth District also found empirical support for its conclusion that "and/or" had not confused the jury. The court explained:
The jury's acquittal of Garzon on the extortion count demonstrates that it followed the law on principals and was not misled by the "and/or" conjunction in the extortion instruction. The extortion charge was based on Balthazar's threat to use the stove to burn Jamie unless her mother led him to the cash hidden in the house. There was no evidence that Balthazar cleared this threat with Garzon over the cell phone. Although the jury found Balthazar guilty of extortion, it gave Garzon and Coles the benefit of reasonable doubt.
Id. at 285.
In sum, considering the use of "and/or" in light of the other jury instructions, the attorneys' arguments, and the circumstances at trial, the Fourth District held that the use of "and/or" was not fundamental error in this case. In Davis, Cabrera, and Zeno, the First and Second Districts held that the use of the "and/or" instructions was fundamental error. The issue presented to this Court on appeal is thus whether the use of "and/or" instructions together with the standard principals instruction was fundamental error.

II. THE APPLICABLE ANALYSIS
We have consistently held that not all error in jury instructions is fundamental error. "Instructions [to the jury] . . . are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred." Delva, 575 So.2d at 644; see, e.g., State v. Weaver, 957 So.2d 586, 588 (Fla.2007); Reed v. State, 837 So.2d 366, 370 (Fla.2002). "As we have noted, the sole exception to the contemporaneous objection requirement is fundamental error." Harrell v. State, 894 So.2d 935, 941 (Fla.2005); see also Farina v. State, 937 So.2d 612, 629 (Fla.2006). We have explained that for jury instructions to constitute fundamental error, the error must "reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Delva, 575 So.2d at 644-45 (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). Further, "`fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict.' Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error. . . ." Id. at 645 (citation omitted) (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)).[5]

*1043 III. USE OF "AND/OR" IN THIS CASE
The Fourth District concluded that use of "and/or" was not fundamental error. We agree that the use of "and/or" in this case did not result in fundamental error. See Farina v. State, 937 So.2d 612, 629 (Fla.2006) ("We have cautioned appellate courts to `exercise their discretion concerning fundamental error "very guardedly." [F]undamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.'") (citation omitted) (quoting Ray v. State, 403 So.2d 956, 960 (Fla. 1981)). We likewise agree that this is not a case where the court failed to correctly instruct on an element of the crime over which there was a dispute, as in Delva and Reed. Since this case does not present a Delva/Reed error, the Fourth District was correct in examining the totality of the record to determine if the "and/or" instruction met the exacting requirements of fundamental instruction error.
In this case, the evidence demonstrated that there were three perpetrators of the crime. Defendant Balthazar was clearly identified as one of those perpetrators. Evidence was introduced showing that Balthazar had a vehicle matching the description of that used in the attempted kidnapping of the Smiths' son. Balthazar also commonly wore the same type of clothing as the perpetrators were identified as wearing (camouflage pants and a badge hanging around the neck). The Smiths' son identified Balthazar, both in court and in a prior photographic lineup, as the individual who attempted to kidnap him. Sandra Smith, the mother, also identified Balthazar in court as one of the home invaders and testified that he was not wearing a mask when he first entered the home. She described his face as one that she would "never forget." The evidence also clearly established Balthazar's association with Coles and Garzon.
Similarly, defendant Garzon was strongly linked to the crimes. Several individuals, including multiple representatives of different cell phone companies, testified *1044 extensively about numerous calls between phones identified with the codefendants. As the Fourth District noted, the evidence showed that one such call between Balthazar and Garzon was made at the same time as the home invasion and lasted for the approximate duration of the home invasion: thirty-nine minutes. When this call was made, the phone identified with Balthazar was in the vicinity of the Smiths' house, as was the cell phone identified with Garzon. Similarly, "[o]ther testimony indicated calls between Balthazar's phone and Garzon's phone during [a] time when Balthazar and Coles had followed Sandra and her daughter" prior to the June 4 home invasion. Garzon, 939 So.2d at 281. Garzon also had personal knowledge of the layout of the Smiths' home, access to information about the false wall safe, and access to knowledge of certain aspects of the Smiths' personal lives, all of which was evidenced by the actions of the home invaders. Given this evidence, "everyone in the courtroom knew that the issue boiled down to whether the state had proven that [Garzon] was the person to whom Balthazar spoke over the cell phone during the home invasion." Id. at 284.
Based on this evidence and the State's argument that Garzon was involved in the criminal scheme but not physically present at the home invasion, the jury was given a principals instruction. This instruction explained to the jury the only method by which it could convict one defendant based on the acts of another defendant in this case. The State emphasized the proper application of the law of principals in its closing argument. The prosecutor read the instruction to the jury and then explained how the law of principals applied. See id. at 284-85. Defense counsel also addressed the law of principals in closing arguments. See id. at 285 ("Garzon's attorney hammered home in closing that there was insufficient evidence to prove that he was the person on the other end of the phone during the crime."). This emphasis on the law of principals by the judge, the State, and defense counsel repeatedly communicated to the jury that it could not convict one defendant based on the other defendant's actions unless the requirements of the law of principals were met.
Additionally, the other instructions given at trial properly framed the use of the "and/or" instruction. The jury was given, for example, a multiple defendants instruction. This instruction told the jury that separate counts were charged against each defendant and that "[a] finding of guilty or not guilty as to one or some of the defendants must not affect your verdict as to any other defendant or other crimes charged." This instruction clearly explained to the jury that its verdict as to one defendant should not affect its verdict as to another. It reinforced that the jury was to consider each defendant individually.
Further, the verdict forms focused on one defendant and one crime each. The jury therefore had before it individualized jury forms that further reinforced the individualized consideration each defendant was to receive. Working in tandem, the instructions and verdict forms strongly emphasized to the jury that each defendant was to receive an individualized consideration. No party argued otherwise at trial, but instead, both sides argued for the proper application of the law of principals.
We also note, as the Fourth District set forth in its opinion, that if the jury did in fact conclude that "and/or" meant that one defendant should be convicted based on the acts of the other defendant  even if the former defendant was not a principal  the acquittal of Garzon and Coles on the extortion count is anomalous. Balthazar *1045 was convicted of extortion, but Coles and Garzon were not. If the jury believed it should convict a given defendant based solely on whether a codefendant committed the elements, it logically follows that the jury would have convicted Garzon and Coles of extortion because it found Balthazar guilty. The jury did not, however; it convicted only Balthazar of extortion. The Fourth District concluded that this result "demonstrate[d] that [the jury] followed the law on principals and was not misled by the `and/or' conjunction in the extortion instruction." Id.
Finally, petitioners argue that we should reverse their convictions because they could have rested on an invalid legal basis, and since a general verdict was returned, we cannot know if this occurred. This Court has previously reversed general verdicts that could have rested on an invalid legal basis. See, e.g., Fitzpatrick v. State, 859 So.2d 486 (Fla.2003); see also Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957). However, we have not held that this possibility of jury error is fundamental error or that such a possibility attendant to use of "and/or" would require reversal. In light of our analysis above and the fact that the parties did not object to the instructions in the trial court, we decline to hold either today.
Though we do not find fundamental error in this case, we do conclude that the use of the "and/or" instructions was error. We condemned the use of the phrase "and/ or" over seventy years ago, and we reiterate that condemnation today. Cf. Cochrane v. Florida East Coast Ry. Co., 107 Fla. 431, 145 So. 217, 218 (1932) ("In the matter of the use of the alternative, conjunctive phrase `and/or,' it is sufficient to say that we do not hold this to be reversible error, but we take our position with that distinguished company of lawyers who have condemned its use."). There are several other alternatives that courts may use, such as "As to each of the defendants, the State must prove the following elements: first, that the defendant [engaged in the element of the crime]." (Emphasis not necessary in actual use.) Such options avoid the potential problems created by "and/or."

IV. CONCLUSION
We approve the decision of the Fourth District in Garzon and hold that the use of the "and/or" conjunctive phrase in this case was not fundamental error. We disapprove Davis, Cabrera, and Zeno to the extent that they are inconsistent with this opinion.
It is so ordered.
LEWIS, C.J., and ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] In this case, we review the consolidated appeals of Zamir Garzon and Ray Balthazar, who were tried together in a joint trial, and whose appeals were addressed in a single opinion by the Fourth District in Garzon.
[2] Williams v. State, 110 So.2d 654 (Fla. 1959).
[3] The extortion charge stemmed from a spontaneous threat that Balthazar made during the June 4 home invasion to burn the Smiths' daughter unless her mother gave him cash hidden in the house.
[4] Charly Coles was not a party in Garzon but was instead the appellant in Coles v. State, 941 So.2d 1288 (Fla. 4th DCA 2006), which is now pending at this Court. Coles v. State, No. SC06-2383 (Fla. notice invoking discretionary jurisdiction filed Dec. 4, 2006). The district court affirmed Coles' conviction.
[5] This Court has not previously applied these standards to the use of "and/or" as it was used in this case. However, all five district courts in Florida have considered the use of "and/or" in analogous circumstances. See Berdecia v. State, 971 So.2d 846 (Fla. 3d DCA 2007) (use of "and/or"); Brown v. State, 967 So.2d 236 (Fla. 3d DCA 2007) (use of "and/ or" with principal instructions); Santos v. State, 947 So.2d 705 (Fla. 4th DCA 2007) (use of "and/or," per curiam affirmed); Womack v. State, 942 So.2d 955 (Fla. 4th DCA 2006) (use of "and/or" in written instructions, addressing nonfundamental error); Coles, 941 So.2d 1288 (codefendant to Garzon); Dempsey v. State, 939 So.2d 1165 (Fla. 4th DCA 2006) (use of "and/or" in written instructions, addressing nonfundamental error); Davis, 922 So.2d 279 (use of "and/or" with principals instruction); Harris v. State, 937 So.2d 211 (Fla. 3d DCA 2006) (use of "and/or" with codefendants instruction); Martinez v. State, 933 So.2d 1155 (Fla. 3d DCA 2006) (use of "and/or" in underlying forcible felony instruction held not fundamental error because not used as to a disputed issue); Tolbert v. State, 922 So.2d 1013 (Fla. 5th DCA 2006) (use of "and/or" found not fundamental error because codefendant acquitted of all charges); Pizzo v. State, 916 So.2d 828 (Fla. 2d DCA 2005) (use of "and/or"), quashed on other grounds, 945 So.2d 1203 (Fla.2006); Davis v. State, 895 So.2d 1195 (Fla. 2d DCA 2005) (use of "and/or"); Randolph v. State, 903 So.2d 264 (Fla. 2d DCA 2005) (codefendant to Davis); Zeno v. State, 910 So.2d 394 (Fla. 2d DCA 2005) (use of "and/or" with principals instruction); Dorsett v. McRay, 901 So.2d 225 (Fla. 3d DCA 2005) (failure to assert on appeal that use of "and/or" was fundamental error held ineffective assistance of appellate counsel); Lloyd v. Crosby, 917 So.2d 988 (Fla. 3d DCA 2005) (codefendant to Dorsett); Cabrera, 890 So.2d 506 (use of "and/or" in conspiracy charges); Rios v. State, 905 So.2d 931 (Fla. 2d DCA 2005) (codefendant to Cabrera); Gaskin v. State, 869 So.2d 646 (Fla. 3d DCA 2004) (use of "and/or" in burglary underlying intended offense options); Concepcion v. State, 857 So.2d 299 (Fla. 5th DCA 2003) (use of "and" in oral instructions but "or" in written instructions), superseded on other grounds by § 893.101, Fla. Stat. (2007); Davis v. State, 804 So.2d 400 (Fla. 4th DCA 2001) (use of "and/or" in entrapment instruction); Bynes v. State, 798 So.2d 49 (Fla. 4th DCA 2001) (codefendant to Davis); Williams v. State, 774 So.2d 841 (Fla. 4th DCA 2000) (use of "or" with codefendant instruction); Bogdanon v. State, 763 So.2d 376 (Fla. 2d DCA 2000) (use of "and/or" in sentence reclassification); Isom v. State, 619 So.2d 369 (Fla. 3d DCA 1993) (use of "and/or" in listing a government informant as a possible conspirator held not fundamental error because not used as to a disputed issue); cf. Cochrane v. Fla. E. Coast Ry. Co., 107 Fla. 431, 145 So. 217 (1932) (criticizing use of "and/or" in a civil petition because imprecise, but not holding it to be reversible error).