996 So.2d 911 (2008)
Reginald Alexander GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4115.
District Court of Appeal of Florida, First District.
November 26, 2008.
*912 Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.

ON REMAND
PER CURIAM.
In our original decision in this case, Green v. State, 2007 WL 1319259, (Fla. 1st DCA 2007), we reversed appellant's conviction, although we acknowledged conflict with the Fourth District's decision in Garzon v. State, 939 So.2d 278 (Fla. 4th DCA 2006), then pending review and subsequently approved by our supreme court. See Garzon v. State, 980 So.2d 1038 (Fla. 2008).
After deciding Garzon, 980 So.2d at 1038, the supreme court accepted jurisdiction in the present case, summarily quashed our original decision, and remanded for reconsideration in light of its decision in Garzon. See State v. Green, 992 So.2d 223 (Fla.2008).
We now reconsider our decision in accordance with the supreme court's mandate, mindful that the Garzon decision disapproved the decisions in Davis v. State, 922 So.2d 279 (Fla. 1st DCA 2006), and Zeno v. State, 910 So.2d 394 (Fla. 2d DCA 2005), on which we originally relied. See 980 So.2d at 1045.
The present case, like Garzon, concerns "the unobjected-to use of the `and/or' conjunctive phrase between the names of defendants in criminal jury instructions." 980 So.2d at 1039. Here, as in Garzon, a standard charge on principals, and a "multiple defendants instruction" accompanied the instructions on the elements of the substantive offense, here uttering a forgery. Id. at 1040. Here, too, as in Garzon, "each jury verdict form was individualized to each defendant and did not use the `and/or' language." Id.
Appellant stood trial with a single co-defendant, who was acquitted. In arguing to the jury, the prosecutor acknowledged the state's burden to prove each defendant guilty "separately." Both were present at the bank when the effort to cash a counterfeit check was made. The state sought to prove that the co-defendant was not merely "a pawn in [appellant's] scheme to try to cash this check," while the co-defendant defended on the theory that the co-defendant's role had been that of an unwitting "fall guy." Co-defendant and state alike argued for appellant's culpability while appellant defended on the theory that there was a failure to prove he knew the check was a forgery.
"In sum, considering the use of `and/or' in light of the other jury instructions, the attorneys' arguments, and the circumstances at trial," Garzon, 980 So.2d at 1042, we conclude, as the supreme court did in Garzon, "that the use of `and/or' in this case did not result in fundamental *913 error," id. at 1043, although, again like the supreme court in Garzon, "we do conclude that the use of the `and/or' instructions was error." Id. at 1045. Absent contemporaneous objection, however, mere error is no basis for overturning appellant's conviction.
Accordingly, upon reconsideration, the judgment is affirmed.
ALLEN, WEBSTER, and BENTON, JJ., concur.