BENTON, J.
Stanley O. Moton appeals convictions for armed robbery, aggravated assault by threat with a firearm, and simple battery. He contends that the trial court committed fundamental error in instructing the jury that he could be convicted if the state proved him “and/or Mr. Stallworth” guilty of the crimes.
Mr. Moton and Sammie Lee Stallworth stood trial together as co-defendants. Testimony put them and two other men in the home of Clevette Evans and Christina Murphy when, Ms. Evans testified, she was forced at gunpoint to turn over to one of the men some $1700 she had in a shoebox. She recalled Lortab, but not cocaine, changing hands. Mr. Moton’s sister Sabrina, although she was not there at the time, was a housemate of Ms. Evans and Ms. Murphy.
Mr. Moton, who admitted he was present, denied he took part in the robbery or committed the other crimes of which he was convicted. He testified he had just purchased $60 worth of cocaine from Ms. Evans in another room when a fight broke out between Mr. Stallworth and Anthony Beasley, after which the appellant, Mr. Stallworth and a Mr. Hawkins left.
*484 As our supreme court recently ruled, “the use of the ‘and/or’ instructions was error.” Garzon v. State, 980 So.2d 1038, 1045 (Fla.2008). See Gilley v. State, 996 So.2d 936, 939 (Fla. 2d DCA 2008). Since no contemporaneous objection was lodged, however, we must decide whether the error was fundamental. See Hunter v. State, 8 So.3d 1052, 1062-63, 2008 WL 4352655 (Fla. Sept. 25, 2008); Green v. State, 996 So.2d 911, 912-13 (Fla. 1st DCA 2008) (on remand). Answering this question in the negative in Garzón, the supreme court stated the facts there:
[T]wo individuals forced their way through the Smiths’ front door as their housekeeper was coming in that same door. These individuals, identified by members of the Smith family as Ray Balthazar and Charly Coles, then robbed the Smiths of several items. During the home invasion, one of the perpetrators spoke on a cell phone, as if receiving instructions or guidance in executing the crimes. As the Fourth District explained:
The state’s theory of the case was that Garzón directed the home invasion by his cell phone conversation with Balthazar. Garzón had previous connections with the Smiths. He had been in the Smiths’ home numerous times, working for a man who had built the false wall safe. The state presented evidence of a 39-minute cell phone call at the time of the home invasion; the call originated from Pompano Beach between Balthazar and a cell phone number identified with Garzón.
[Garzon v. State, 939 So.2d 278, 281 (Fla. 4th DCA 2006).]
Balthazar, Coles, and Garzón were all tried before the same jury. Each had separate defense counsel. All three defendants were charged with the same seven crimes: criminal conspiracy, armed burglary of a dwelling, armed robbery, three counts of armed kidnapping, and extortion. After a jury trial, Balthazar was convicted as charged on all counts, and Garzón and Coles were acquitted of extortion and convicted on all other counts.FN3
980 So.2d at 1039-40. The state’s theory was that Garzón was guilty as a principal because he was on the telephone aiding and abetting the other two. The only genuine, disputed issue for the jury was whether Garzón was the person on the telephone with Balthazar. The defense espoused no theory under which the person on the telephone would not be guilty if, as the jury found, those taking his instructions were guilty. As the Fourth District pointed out, moreover:
The jury’s acquittal of Garzón on the extortion count demonstrates that it followed the law on principals and was not misled by the “and/or” conjunction in the extortion instruction. The extortion charge was based on Balthazar’s threat to use the stove to burn Jamie unless her mother led him to the cash hidden in the house. There was no evidence that Balthazar cleared this threat with Gar-zón over the cell phone. Although the jury found Balthazar guilty of extortion, it gave Garzón and Coles the benefit of reasonable doubt.
Garzon, 939 So.2d at 285. See also Barrientos v. State, 1 So.3d 1209, 1220 (Fla. 2d DCA 2009) (acquittal of codefendant “strongly suggests that the jury was not misled by the use of ‘and/or’ with regard to the charge of possession of cannabis”). In *485 contrast, the circumstances of the present case admit of the possibility that the jury convicted Mr. Moton under the erroneous “and/or” instructions. The jury had to decide whether or not Mr. Moton was guilty, Mr. Stallworth’s guilt notwithstanding. This issue was genuinely disputed. Mr. Moton testified that he was present, but for another purpose, and that he was not involved in the crimes for which he— and Mr. Stallworth — were convicted. In contrast with Garzón and Barrientos, the codefendant here, Mr. Stallworth, was not acquitted on any count.
Under the “and/or” instructions, the jury could have found Mr. Moton guilty on the basis of Mr. Stallworth’s conduct alone. Although failing to instruct accurately “on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal,” State v. Delva, 575 So.2d 643, 645 (Fla.1991), the rule is otherwise when the mi-sinstruction pertains to a genuinely disputed issue. Both Ms. Evans and Ms. Murphy implicated Mr. Moton at trial, but he testified to a different version of events under which he would not have been guilty unless deemed vicariously, criminally responsible for Mr. Stallworth’s conduct. Our supreme court has said that “whether the evidence of guilt is overwhelming or whether the prosecutor has or has not made an inaccurate instruction a feature of the prosecution’s argument are not germane to whether the error is fundamental.” Reed v. State, 837 So.2d 366, 369 (Fla.2002). While the supreme court has now made it clear that the whole context must be considered, Garzon, 980 So.2d at 1041, the dispositive question remains whether (in the context of the whole case) the inaccurate instruction was “pertinent or material to what the jury must consider in order to convict.” Stewart v. State, 420 So.2d 862, 863 (Fla.1982) (quoted with approval in Reed, 837 So.2d at 369). The inaccurate instruction was pertinent in the present case.
Reversed and remanded.
WOLF, J., concurs; BROWNING, J., dissents with separate opinion.

. The extortion charge stemmed from a spontaneous threat that Balthazar made during the June 4 home invasion to burn the Smiths’ daughter unless her mother gave him cash hidden in the house.