WARNER, J.
 

 Convicted of an organized scheme to defraud, appellant Peter Scott Smith challenges the use of the “and/or” conjunction between his name and the name of his co-defendant in the jury instruction on the elements of the crime. He claims the court’s giving of the instruction was fundamental error, even though he requested that the court give it. We affirm, concluding not only that the argument was waived by appellant’s request, but also that given the totality of the circumstances the instruction was not fundamental error.
 

 Appellant and his co-defendant were charged by amended information with committing organized fraud, in violation of section 817.034(4)(a)l., Florida Statutes (2001). The state alleged that, during a three-year period, appellant obtained over
 
 *1057
 
 $50,000 from various victims, making the offense a first-degree felony.
 

 The facts of this case are set forth in
 
 O’Keefe v. State,
 
 47 So.3d 937, 938 (Fla. 4th DCA2010)
 
 [1]
 
 :
 

 The evidence at trial showed that [John O’Keefe] owned and operated an investment company called Merit First. [O’Keefe] and ... co-defendant, Scott Smith, each sold investment opportunities to friends and acquaintances. The state called thirteen witnesses who each gave substantial sums of money to [O’Keefe] or Smith for investment purposes. Smith attracted investors, mostly from his church, to [O’Keefe’s] firm. Some investors dealt solely with [O’Keefe]; some dealt solely with Smith; and some dealt with both [O’Keefe] and Smith. The investors were usually given promissory notes, which were to be repaid within sixty-ninety days, and told that their funds would be used to finance shell corporations that would be sold to start-up companies seeking to go public. However, the investors were never repaid.
 

 A state investigator testified that he had reviewed [O’Keefe’s] books and records and could find no investor money going into any investments at all, but he did find substantial amounts flowing to [O’Keefe] and his family and to Smith. Smith testified that before he joined [O’Keefe], he checked out his references, which seemed accurate. [Smith] began selling investments for [O’Keefe] who would continually tell Smith that he was on the brink of a sale of a shell corporation which would bring the return to investors. After about eighteen months, Smith stopped believing him. Smith claimed that he repaid some investment funds to one investor.
 

 Smith testified at the joint trial and claimed that he was duped by O’Keefe as were the victims. He claimed that he did not know of O’Keefe’s fraud. Moreover, he claimed that he received very little, if any, money from O’Keefe.
 

 Prior to closing argument, the parties agreed to jury instructions which provided that, as to the elements of the crime the state had to prove that: (1) O’Keefe
 
 and
 
 Smith engaged in a scheme to defraud; and (2) O’Keefe
 
 and
 
 Smith obtained property through the scheme to defraud.
 
 Id.
 

 During closing argument, Smith’s attorney likened Smith to a mate on a boat of which O’Keefe was the captain, and Smith had no control. He argued, “[T]o find Mr. Scott Smith guilty in this case is to blame the mate because you didn’t catch your marlin that day.” He stressed the instruction on multiple defendants and that the jury must decide the case against each defendant on its own. Smith, he argued, did not commit any scheme to defraud or obtain any money as a result, other than commissions for selling the investments. He also directed the jury’s attention to the principals instruction, pointing out that the jury would have to find that Smith knew that O’Keefe was stealing the money of the investors and that Smith brought the investors there with the intent to get some of the money. The state did not present evidence of this to support Smith’s liability as a principal, he maintained. He ended by again reminding the jurors that they must decide the case against Smith independent of the case against O’Keefe. On rebuttal, the state attorney also told the jury that it must look at the evidence separately for O’Keefe and Smith.
 

 After the closing arguments, the trial court questioned whether the jury instructions agreed on at the charge conference
 
 *1058
 
 were correct.
 
 O’Keefe,
 
 47 So.3d at 939. In particular, the court questioned whether the conjunction “and” should be placed between the names of the defendants in the instructions on the elements of the crime.
 
 Id.
 
 The prosecutor noted that the jury needed to make a determination as to each defendant separately, suggesting that the instruction “probably should be and/ or.”
 
 Id.
 
 Smith’s defense counsel agreed and specifically requested the change, stating: “Judge, consistent with 3.12B, I would ask that the instruction be changed to and/or. That would [be] more appropriate and legal.” Over the objection of co-defendant O’Keefe, the trial court changed the jury instruction from the “and” conjunction to the “and/or” conjunction, instructing the jury as follows:
 

 To prove the crime of organized fraud, the State must prove the following two elements beyond a reasonable doubt:
 

 1. JOHN MARTIN O’KEEFE, SR. and/or PETER SCOTT SMITH engaged in a scheme to defraud.
 

 2. JOHN MARTIN O’KEEFE, SR. and/or PETER SCOTT SMITH obtained property through the scheme to defraud.
 

 Id.
 
 Additionally, the trial court gave the standard instruction on multiple defendants,
 
 [2]
 
 as well as the standard instruction on the law of principals.
 
 [3]
 
 Separate verdict forms were submitted to the jury for each co-defendant. The jury found Smith guilty as charged, and the trial court convicted and sentenced Smith, prompting this appeal.
 

 Smith argues on appeal that the court committed fundamental error in using the “and/or” conjunction in instructing the jury on the elements of the crime. He contends that the “and/or” instruction told the jury that proof applicable to O’Keefe’s scheme to defraud supplied the proof necessary against Smith on this element, thus negating his defense that he lacked any criminal intent.
 

 The specific issue of whether “and/or” was appropriate was extensively discussed between the court and the attorneys, and Smith
 
 asked
 
 for the instruction that he now claims negated his entire defense, while O’Keefe’s attorney objected to the instruction. Where the defendant asks for the instruction that he claims on appeal was erroneous, he cannot raise its error on appeal.
 
 See Fulcher v. State,
 
 766 So.2d 243, 245 (Fla. 4th DCA 2000);
 
 Weber v. State,
 
 602 So.2d 1316, 1319 (Fla. 5th DCA 1992). To do so “would reduce the criminal justice system to a game of ‘check’ and ‘checkmate’ or ‘heads I win, tails you lose.’ ”
 
 Weber,
 
 602 So.2d at 1318-19. The supreme court held in
 
 Ray v. State,
 
 403 So.2d 956, 961 (Fla.1981), that it is not fundamental error to convict a defendant on an erroneous instruction where the defendant’s counsel requested the charge. Although the case dealt with a lesser in-
 
 *1059
 
 eluded instruction, we see no reason why the same rationale should not apply to the main charge. No fundamental error occurred in this case, because Smith requested the instruction of which he now complains.
 

 Nevertheless, even if we were to address the issue, we would conclude that on the totality of the circumstances the use of “and/or” did not constitute fundamental error.
 
 See Garzon v. State,
 
 980 So.2d 1038 (Fla.2008). In
 
 Garzon,
 
 the court explained that where the issue is not preserved, the proper approach is to examine “the totality of the record to determine if the ‘and/or’ instruction met the exacting requirements of fundamental instruction error.”
 
 Id.
 
 at 1043. This approach requires the “and/or” instruction to be analyzed in the context of the other jury instructions, the attorneys’ arguments, and the evidence in the case.
 
 See Garzon v. State,
 
 939 So.2d 278, 283 (Fla. 4th DCA 2006),
 
 approved,
 
 980 So.2d 1038, 1045 (Fla.2008).
 

 The
 
 Garzón
 
 case arose from the criminal prosecution of three defendants, who were each charged with multiple crimes, including conspiracy, armed burglary, armed robbery, armed kidnapping and extortion. The state’s theory of the case was that Garzón, who had been in the victims’ home numerous times, directed the home invasion through a cell phone conversation with one of the intruders. 980 So.2d at 1039. The issue at trial boiled down to whether the state had proven that Garzón was the person who was on the cell phone guiding the intruders.
 
 Id.
 
 at 1041. The jury instructions used the “and/or” conjunctive phrase between the defendants’ names on the elements of each count.
 
 Id.
 
 at 1040. On appeal, two of the defendants argued that “the use of ‘and/or’ allowed the jury to convict the defendants based on a codefendant committing some or all of the elements of the charged crimes.”
 
 Id.
 

 In concluding that no fundamental error occurred, the supreme court emphasized that “[w] or king in tandem, the instructions and verdict forms strongly emphasized to the jury that each defendant was to receive an individualized consideration.”
 
 Id.
 
 at 1044. The court noted that the jury was given a principals instruction, and both the state and the defense repeatedly communicated to the jury that it could not convict one defendant based on another defendant’s actions unless the requirements of the law of principals were met.
 
 Id.
 
 Additionally, the jury was given a “multiple defendants” instruction, reinforcing that the jury was to consider each defendant individually.
 
 Id.
 
 Furthermore, Garzon’s acquittal on the extortion count demonstrated that the jury followed the law of principals and was not misled by the “and/or” conjunction in the instructions.
 
 Id.
 
 at 1044-45.
 

 Following
 
 Garzón,
 
 the vast majority of appellate decisions considering this issue have found that the use of the “and/or” conjunction between the co-defendants’ names did not result in fundamental error under similar circumstances.
 
 See, e.g., Rimmer v. State,
 
 59 So.3d 763, 790-91 (Fla.2010);
 
 Hunter v. State,
 
 8 So.3d 1052, 1070-71 (Fla.2008);
 
 Lewis v. State,
 
 22 So.3d 753, 759 (Fla. 4th DCA 2009);
 
 Brown v. State,
 
 35 So.3d 148, 156-58 (Fla. 3d DCA 2010);
 
 Nicholson v. State,
 
 33 So.3d 107, 111-12 (Fla. 1st DCA 2010);
 
 Barrientos v. State,
 
 1 So.3d 1209, 1219-20 (Fla. 2d DCA 2009);
 
 Green v. State,
 
 996 So.2d 911, 912-13 (Fla. 1st DCA 2008).
 

 Much of the same analysis applies to this case. The court gave both the principals and multiple defendants’ instruction, and Smith’s attorney strongly argued to the jury both instructions and why Smith could not be convicted because of them. Further, the state also stressed that the jury must decide the case against each
 
 *1060
 
 defendant separately. Separate verdict forms were submitted for each co-defendant. In line with the foregoing cases, we conclude that the use of “and/or” in the jury instructions did not amount to fundamental error in this case.
 

 Affirmed.
 

 MAY, C.J., and POLEN, J., concur.
 

 [1]
 

 . We reversed the conviction and sentence in
 
 O’Keefe
 
 on other grounds.
 

 [2]
 

 . That instruction — entitled "Single Count, Multiple Defendants” — provides as follows: “The defendants have been tried together; however, you must consider each defendant and the evidence applicable to him separately. You may find one, any or both guilty or not guilty. However, your verdict as to one defendant must not affect your verdict as to the other(s).” Fla. Std. Jury Instr. 3.12(B).
 

 [3]
 

 . The instruction on the law of principals states, in pertinent part: “If the defendant helped another person or persons [commit] [attempt to commit] a crime, the defendant is a principal and must be treated as if [he][she] had done all the things the other person or persons did if: 1) the defendant had a conscious intent that the criminal act be done and 2) the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually commit or attempt to commit the crime.” Fla. Std. Jury Instr. 3.5(a).