# Third District Court of Appeal

## State of Florida

Opinion filed December 1, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2430
Lower Tribunal No. F05-11764B

_____

**Samuel Wright,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Brian H. Zack, Assistant Attorney General, for appellee.

Before LOGUE, SCALES and LINDSEY, JJ.

LOGUE, J.

Samuel Wright appeals from his convictions and sentences after a jury found him guilty of first-degree murder, armed robbery, and burglary. He asserts that the trial court reversibly erred by refusing to excuse a prospective juror for cause. We agree and reverse.

During voir dire, the following exchange occurred between defense counsel and the juror at issue:

> [DEFENSE COUNSEL]: So can a completely innocent person be wrongfully accused of a crime?
>
> JUROR: No.
>
> [DEFENSE COUNSEL]: No?
>
> (The juror shakes her head in the negative.)

Defense counsel later asked the panel to raise their hand "if you think if I am innocent and I am wrongfully accused of a crime, I will absolutely take the stand and testify on my own behalf?" The juror at issue was one of a handful of prospective jurors who raised their hands. After these exchanges, no attempt was made to rehabilitate the juror at issue.

Wright moved to excuse the juror for cause based on her statements regarding the presumption of innocence. The State argued that the juror's responses reflected only confusion as to the question as presented. The trial court agreed that the juror appeared "somewhat confused" and denied Wright's motion. Wright exercised a peremptory challenge to remove the

2

juror from the panel. Later, the trial court also denied Wright's request for an additional peremptory challenge to excuse another juror who ultimately sat on the jury.[1] The jury convicted Wright of the crimes as charged, and the trial court sentenced him to life imprisonment on the first-degree murder charge and forty years on the armed robbery and burglary charges. Wright timely appealed.

"We review a trial court's decision to deny a challenge for cause to a potential juror for an abuse of discretion." Rivas v. Sandoval, 319 So. 3d 744, 746 (Fla. 3d DCA 2021). "The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by

---

[1] There was no showing that the juror who Wright would have excused but who ultimately served because Wright was denied additional preemptory challenges was legally objectionable. Nevertheless, the State conceded that the issue was properly preserved for appellate review in accordance with Matarranz v. State, 133 So. 3d 473, 482 (Fla. 2013) ("[T]o preserve challenges for cause to prospective jurors, the defendant must object to the jurors, show that he or she has exhausted all peremptory challenges and requested more that were denied, and identify a specific juror that he or she would have excused if possible.") (internal quotations and citation omitted). But see Deviney v. State, 322 So. 3d 563, 578–88 (Lawson, J., concurring in part and concurring in result) (proposing that Florida courts should adopt the harmless error standard in reviewing trial court rulings on cause challenges, by which a defendant would have to show that a "legally objectionable" juror (i.e., a biased or partial juror) ultimately sat on the jury, thus infringing upon the defendant's constitutional right to a fair and impartial jury).

the court." <u>Busby v. State</u>, 894 So. 2d 88, 95 (Fla. 2004). "An evaluation of a juror's ability to render a verdict based solely on the evidence and law must take in account 'all of the questions and answers posed to or received from the juror.'" <u>Rivas</u>, 319 So. 3d at 747 (quoting <u>Matarranz</u>, 133 So. 3d at 484).

When a juror makes a statement that calls into question the juror's ability to serve, our Supreme Court allows for liberal rehabilitation to show the statement reflected only a momentary and passing confusion of the law, rather than a firm belief or inborn bias:

> [C]ourts and counsel also find themselves addressing jurors who misunderstand aspects of the law and the judicial process. These misunderstandings are based not on personal experience and beliefs, but on a lack of familiarity with or misinformation concerning the law. We clarify today that courts and counsel are correct to engage prospective jurors in a dialogue addressing their partialities, biases, prejudices, and misconceptions when they are rooted in a lack of familiarity with the judicial system as part of an effort to rehabilitate in contrast to those immutable opinions and attitudes that arise from personal life experiences and firmly held beliefs. Florida law allows the rehabilitation of jurors whose responses in voir dire raise concerns about their impartiality. Concerns that stem from misinformation and confusion concerning the law or process are ripe for discussion and redress through rehabilitation.

<u>Matarranz</u>, 133 So. 3d at 485–86 (citations omitted). At the same time, however, such rehabilitation is not just liberally available, it is also required if the juror is to serve: "When a juror's last response indicates that the juror is potentially prejudiced, and the response is not retracted or modified, the juror

4

must be stricken for cause." <u>Marquez v. State</u>, 721 So. 2d 1206, 1207 (Fla. 3d DCA 1998).

We find that the responses of the juror at issue, when taken at face value, raise concerns about her ability to serve as an impartial juror. When asked whether an innocent person could be wrongfully accused of a crime, she said "No." Other jurors readily understood the question. When asked again, she reaffirmed her answer by shaking her head in the negative. She also raised her hand when asked whether she thought that an innocent person would absolutely take the stand and testify on his own behalf.

While the juror's responses in this regard may have reflected only a temporary confusion and misunderstanding of the law, there was no attempt to rehabilitate her. The juror's responses were not retracted or modified. For these reasons, we are compelled to reverse and remand for a new trial.[2]

Reversed and remanded.

---

[2] Wright also challenges the trial court's use of the "and/or" conjunction in the jury instructions. Because we are reversing on the jury selection issue, we do not reach this argument. We note, however, the Supreme Court has repeatedly condemned its use. <u>Garzon v. State</u>, 980 So. 2d 1038, 1045 (Fla. 2008) (listing ways to avoid the "potential problems" presented by the use of "and/or" in jury instructions); <u>see also</u> <u>Gilley v. State</u>, 996 So. 2d 936, 939 (Fla. 2d DCA 2008) (holding that the trial court erred in using jury instructions that included the "and/or" conjunction and referred to codefendants who were being tried separately). We similarly do not reach the other arguments raised by Wright.