933 So.2d 598 (2006)
Roy Lee WILSON, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D06-1027.
District Court of Appeal of Florida, Third District.
June 21, 2006.
*599 Roy Lee Wilson, in proper person.
Charles J. Crist, Attorney General, for respondent.
Before GREEN, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Roy Lee Wilson seeks a writ of habeas corpus alleging that his trial counsel rendered ineffective assistance for failure to raise the claim that the trial court fundamentally erred when it used the conjunction "and/or" in the jury instructions. We deny the petition finding that the use of the conjunction "and/or" did not result in fundamental error.
The State charged Wilson with two counts of battery on a law enforcement officer and one count of resisting arrest with violence. A jury convicted Wilson of two counts of battery on a law enforcement officer and one count of resisting arrest without violence, a lesser included offense. Subsequently, Wilson appealed his conviction and sentence to this Court and we per curiam affirmed.
The jury instruction for resisting arrest with violence read as follows:
Before you can find the defendant guilty of Resisting Officer With Violence, the State must prove the following three elements beyond a reasonable doubt:
1. ROY LEE WILSON knowingly and willfully [resisted] or [obstructed] or [opposed] OFFICER A. MARTINEZ and/or OFFICER I. CASERO by [doing violence to him/her].
2. At the time OFFICER A. MARTINEZ and/or OFFICER I. CASERO were engaged in the [lawful execution of a legal duty].
3. At the time OFFICER A. MARTINEZ and/or OFFICER I. CASERO was an officer.
Similarly, the jury instruction for resisting arrest without violence read:
Before you can find the defendant guilty of Resisting Officer Without Violence, as a lesser included offense, the State must prove the following three elements beyond a reasonable doubt:
1. ROY LEE WILSON [resisted] or [obstructed] or [opposed] OFFICER A. MARTINEZ and/or OFFICER I. CASERO.
2. At the time OFFICER A MARTINEZ and/or OFFICER I. CASERO was engaged in the [lawful execution of a legal duty].
3. At the time OFFICER A. MARTINEZ and/or OFFICER I. CASERO was an officer.
Wilson argues that the use of "and/or" between the officers' names resulted in fundamental error, and that his counsel's failure to raise the claim resulted in constitutionally deficient performance because the outcome of the appellate proceeding would otherwise have been different. We disagree.
We first note that Wilson did not object to the jury instructions below. The claimed error thus was not preserved for appeal and, therefore, does not constitute reversible error unless we conclude that the error was fundamental. See Martinez v. State, 933 So.2d 1155, 2006 WL 1331498 (Fla. 3d DCA May 10, 2006). Although the use of the "and/or" conjunction in the jury instructions constitutes a valid basis upon which a conviction may be vacated, these cases usually involve the use of the "and/or" conjunction between the name of the defendant and a co-defendant. See Lloyd v. Crosby, 917 So.2d 988 (Fla. 3d DCA 2005); Dorsett v. McRay, 901 So.2d 225 (Fla. 3d DCA 2005); Cabrera v. State, 890 So.2d 506 (Fla. 2d DCA 2005). Courts *600 have held that inclusion of the "and/or" conjunction between the names of defendants in a jury instruction can result in criminal liability on the part of the defendant solely if the co-defendant is found liable. See Dorsett, 901 So.2d at 226.
Here, however, the court did not place the "and/or" conjunction between Wilson's name and the name of his co-defendant. The court placed the conjunction between the names of the two officers. The "and/or" conjunction in both instructions permitted the jury to convict Wilson of resisting arrest with or without violence if he knowingly and willfully resisted, obstructed, or opposed either officer. It is not necessary for the jury to find that Wilson knowingly and willfully resisted, obstructed, or opposed both officers to find him guilty of resisting an officer with or without violence.
Because the placement of the "and/or" conjunction in no way prejudiced Wilson, we therefore conclude that the use of the "and/or" conjunction in both instructions to the jury did not result in fundamental error.
Petition denied.