939 So.2d 1165 (2006)
Courtney DEMPSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4380.
District Court of Appeal of Florida, Fourth District.
October 25, 2006.
*1166 Tara A. Finnigan, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant and a co-defendant were convicted of attempted murder of a police officer, four counts of robbery with a firearm, and attempted robbery with a firearm. The written instructions given to the jury stated that the state had to prove that a co-defendant, James Womack, "and/or Courtney Dempsey" committed the elements of the crimes. This was apparently an inadvertent error because appellant had objected to the "and/or" language, and the court had modified the oral instructions so that they did not suffer from this infirmity. Because we conclude that the written "and/or" instructions were error, we reverse for a new trial.
The evidence showed that appellant and Womack committed an armed robbery of several victims and, during a subsequent high speed chase, shots were fired at an officer who was pursuing them. It appeared from the evidence that the shots were fired from the passenger side of the vehicle by Womack while appellant was driving. Appellant and Womack were tried together, before separate juries. During the jury instruction conference the court agreed not to use "and/or" instructions, after an objection was made; however, the written instructions given to the jurors were not modified. For example, the court gave the following written instruction pertaining to attempted first degree murder with a firearm to the jurors:
Before you can find the defendants guilty of Attempted First Degree Murder with a Firearm the State must prove the following four elements beyond a reasonable doubt:
1. James Womack and/or Courtney Dempsey did some act intended to cause the death of Leif Broberg that went beyond just thinking or talking about it.
2. James Womack and/or Courtney Dempsey acted with premeditated design to kill Leif Broberg.
3. The act would have resulted in the death of Leif Broberg except that someone prevented James Womack and/or Courtney Dempsey from killing Leif Broberg or they failed to do so.
4. In the course of committing the Attempted First Degree Murder, James Womack and/or Courtney Dempsey carried a firearm . . .
The written instructions for all of the other crimes charged also contained the "and/or" language.
Before we reach the merits we address the preservation issue. Appellant *1167 has assumed that his trial counsel, Ms. Whitfield, failed to object to the "and/or" instructions and argues that the error is fundamental. The record, however, is to the contrary. The objection was first raised by counsel for co-defendant Womack, who explained why "and/or" instructions were incorrect. He then stated "I'm sure that Ms. Whitfield would like that for her client as well." At that point the court interrupted with a question and, for the moment, disagreed with counsel. Several pages later in the transcript Ms. Whitfield pointed out to the court that it would be convenient to instruct as to each defendant separately because there were separate juries. The court apparently decided after that comment to not use "and/or" instructions. Although the transcript does not show Ms. Whitfield expressly agreeing with her co-counsel initially, her silence, after co-counsel explained that he was certain he was speaking for her client as well as his, was sufficient to preserve the issue for both defendants. Unfortunately, as we noted earlier, the court changed only the oral instructions.
Under an "and/or" instruction the jury is informed that if defendant A has committed all the elements of the crime, B is guilty without having committed any elements. Or the jury could find both defendants guilty where it found only A committed some elements of the crime and only B committed other elements. We have held that the "and/or" instruction is so seriously flawed as to be fundamental error. Davis v. State, 804 So.2d 400 (Fla. 4th DCA 2001); Williams v. State, 774 So.2d 841 (Fla. 2d DCA 2000).
In this case the court gave the principals instruction, standard jury instruction 3.5(a), which explains that if the defendant assisted another person in committing a crime, it is as though the defendant were a principal in committing the crime. The instruction requires that the defendant "had a conscious intent that the criminal act be done." The "and/or" instructions, however, are of course inconsistent with the principals instruction, because the "and/or" instructions do not require that the defendant intended that the act be done. The principals instruction was given after all of the "and/or" instructions on the elements of the crimes, so the jury could have concluded that appellant was guilty because of the conduct of his co-defendant, before it considered the principals instruction.
An error in the giving of an incorrect jury instruction on the element of a crime is such a serious error that it can be fundamental error. Reed v. State, 837 So.2d 366 (Fla.2002). The "and/or" written instructions in this case, which were incorrect as to the elements which had to be proven by the state for each defendant, require a new trial.
In Garzon v. State, 939 So.2d 278 (Fla. 4th DCA 2006), this court, in a two-to-one opinion, held that "and/or" instructions, given along with a principals instruction, were not fundamental error, even where the defendant was not directly involved in the crimes and could only have been convicted as a principal. Garzon certified conflict with Zeno v. State, 910 So.2d 394 (Fla. 2d DCA 2005), and Davis v. State, 922 So.2d 279 (Fla. 1st DCA 2006), in which the courts concluded that the use of the principals instruction does not cure the "and/or" error, and that the error is fundamental. In the event the supreme court reviews Garzon, it may also find it appropriate to determine if the "and/or" instruction, given in combination with a principals instruction, is non-fundamental error. We accordingly certify the following question as one of great public importance:

DOES THE USE OF AN "AND/OR" JURY INSTRUCTION, OVER OBJECTION, IN A CASE INVOLVING CO-DEFENDANTS, *1168 CONSTITUTE ERROR REQUIRING A NEW TRIAL, WHERE A PRINCIPALS INSTRUCTION IS GIVEN?

Reversed for a new trial.
SHAHOOD and TAYLOR, JJ., concur.