942 So.2d 955 (2006)
James WOMACK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4602.
District Court of Appeal of Florida, Fourth District.
November 22, 2006.
*956 Carey Haughwout, Public Defender, and Ellen A. Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, James Womack, and a co-defendant, Courtney Dempsey, were charged with attempted first degree murder of a police officer with a firearm and five counts of robbery with a firearm. Following a jury trial, Womack was convicted of four counts of robbery with a firearm and one count of attempted robbery with a firearm. The jury acquitted Womack of attempted first degree murder with a firearm. The written instructions given to the jury stated that the State had to prove that James Womack "and/or Courtney Dempsey" committed the elements of the crimes. Because we conclude that the written "and/or" instructions constituted error, we reverse for a new trial.
The evidence showed that Womack and his co-defendant, Courtney Dempsey, committed an armed robbery of several victims and, during a subsequent high speed chase, shots were fired at a police officer who was pursuing them. Womack and Dempsey were tried together, before separate juries. During the jury instruction conference, the court agreed not to use "and/or" instructions, after an objection was made; however, the written instructions given to the jurors were not modified. For example, the court gave the following written instruction pertaining to attempted first degree murder with a firearm to the jurors:
Before you can find the defendants guilty of Attempted First Degree Murder with a Firearm the State must prove the following four elements beyond a reasonable doubt:
1. James Womack and/or Courtney Dempsey did some act intended to cause the death of Leif Broberg that went beyond just thinking or talking about it.
2. James Womack and/or Courtney Dempsey acted with premeditated design to kill Leif Broberg.
3. The act would have resulted in the death of Leif Broberg except that someone prevented James Womack and/or Courtney Dempsey from killing Leif Broberg or they failed to do so.
4. In the course of committing the Attempted First Degree Murder, James Womack and/or Courtney Dempsey carried a firearm.
(Emphasis supplied). The written instructions for all of the other crimes charged also contained the "and/or" language.
In Dempsey v. State, 939 So.2d 1165 (Fla. 4th DCA 2006), we recently held that the "and/or" instructions in the co-defendant's case required a new trial. We also noted our decision Garzon v. State, 939 So.2d 278 (Fla. 4th DCA 2006), in which we held that where "and/or" instructions are given in combination with a principals instruction, the error is not fundamental *957 error. As a result, in Dempsey, we found it appropriate to certify a question of great public importance to the Florida Supreme Court "to determine if the `and/or' instruction, given in combination with a principals instruction, is non-fundamental error."
In accordance with our decision in Dempsey, we reverse Womack's convictions for robbery with a firearm and attempted robbery with a firearm and remand for a new trial because the written "and/or" instructions were error. As in Dempsey, we also certify the following question as one of great public importance:
DOES THE USE OF AN "AND/OR" JURY INSTRUCTION, OVER OBJECTION, IN A CASE INVOLVING CO-DEFENDANTS, CONSTITUTE ERROR REQUIRING A NEW TRIAL, WHERE A PRINCIPALS INSTRUCTION IS GIVEN?
Reversed and Remanded for New Trial.
STEVENSON, C.J., GUNTHER and TAYLOR, JJ., concur.