947 So.2d 705 (2007)
Vladimir SANTOS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-812.
District Court of Appeal of Florida, Fourth District.
February 14, 2007.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Affirmed. See Garzon v. State, 939 So.2d 278 (Fla. 4th DCA 2006); Coles v. State, 941 So.2d 1288 (Fla. 4th DCA 2006).
STEVENSON, C.J., and WARNER, J., concur.
TAYLOR, J., concurs specially with opinion.
TAYLOR, J., concurring specially.
I concur with an affirmance in this case because this result is dictated by our recent opinion in Garzon v. State, 939 So.2d 278 (Fla. 4th DCA 2006). But for Garzon, I would reverse.
Appellant and his co-defendant, Eduardo Delbusto, were charged with grand theft of cargo greater than $50,000 and burglary of a conveyance. Appellant and Delbusto were tried together and found guilty on both counts.[1] In instructing the *706 jury, the trial court inserted the conjunction "and/or" between the names of appellant and Delbusto as to each element of both crimes. The court also instructed the jury on the theory of principals.
The evidence showed that Deputy Michael Conroy of the Broward Sheriff's Office was on routine patrol at the farmer's market in Pompano Beach when he discovered appellant lying face down in a field next to the parking lot around 12:30 or 1:00 a.m. The lot was often used by truck drivers to park their trucks overnight. Appellant was carrying a cell phone with an earpiece on his person. Deputy Conroy ordered appellant to put his hands behind his back. Appellant complied and was taken into custody.
At some point, Deputy Conroy noticed that the window of one of the tractor-trailers parked in the market lot had been pushed in. The deputy knocked on the truck's door and announced his presence. Another officer reached inside the window and unlocked the door. Deputy Conroy then entered the truck. He discovered Delbusto lying on the floor of the truck. Deputy Conroy found brown gloves, a small flashlight, and a cell phone with an earpiece in the area where Delbusto had been lying. He was arrested by the officers.
At trial, Lloyd Harriott, a truck driver, testified that he parked his tractor-trailer, loaded with a shipment of fans, in the farmer's market parking lot. He locked his truck and then went home. He later received a phone call from the Broward Sheriff's Office, and in response, went to the farmer's market. He saw that the right side window of the door of his truck was missing. He also discovered that the ignition was missing. None of his cargo was missing.
Appellant and Delbusto were placed together in an interview room that was equipped with video and sound recording devices. During their taped conversation, appellant said that he was going to say he did not know Delbusto. Delbusto told appellant not to talk about anything. Appellant said that he saw police cars drive by several times and that he was apprehended after he jumped the fence.
The judge instructed the jury as follows as to theft of cargo:
[T]o prove the crime of theft of cargo, the state must prove the following three elements beyond a reasonable doubt:
1. Eduardo Delbusto and/or Vladimir Santos, knowingly and unlawfully obtained, used, endeavored to obtain or endeavored to use the property of Lloyd Harriott.
2. Eduardo Delbusto and/or Vladimir Santos did so with the intent to either temporarily or permanently deprive Lloyd Harriott of his right to the property or any benefit from it or to appropriate the property of Lloyd Harriott to his or their own use or to the use of any person not entitled to it.
3. The property taken was cargo valued at less than $50,000 that has entered the stream of commerce from the shipper's loading platform to the consignee's receiving deck.
As to the crime of burglary, the court instructed the jury as follows:
[T]he state must prove the following three elements beyond a reasonable doubt:
1. Eduardo Delbusto and/or Vladimir Santos entered a conveyance owned by or in the possession of Lloyd Harriott.
2. Eduardo Delbusto and/or Vladimir Santos did not have the permission or consent of Lloyd Harriott.
3. At the time of entering the conveyance, he or they, had a fully formed conscious intent to commit the offense of theft in that conveyance.
*707 After instructing the jury as to the two crimes charged, the judge gave the jury the standard principals instruction. See Fla. Std. Jury Instr. (Crim.) 3.5(a).
In several cases recently decided by our court, we addressed whether it is reversible error to instruct a jury using "and/or" between co-defendants' names. See Garzon v. State, 939 So.2d 278 (Fla. 4th DCA 2006); Dempsey v. State, 939 So.2d 1165 (Fla. 4th DCA 2006); Womack v. State, 942 So.2d 955 (Fla. 4th DCA 2006); Coles v. State, 941 So.2d 1288 (Fla. 4th DCA 2006). In Garzon, the majority concluded that such an instruction was not fundamental error, even though the defendant was not present when the crimes were committed and could only have been convicted under the principals theory. Cf. Dempsey, 939 So.2d at 1165 (concluding that the written "and/or" instructions constituted non-fundamental error and certifying the question as one of great public importance). However, I believe that the better approach is that advocated by the dissent in Garzon. There, Judge Klein stated that, because Garzon was absent from the scene of the crime, the "and/or" instructions were fundamental error. He reasoned:
Because Garzon was not present, the "and/or" instructions were so deficient as to be fundamental error. It was far less likely that he would have been convicted of kidnapping, but for the "and/or" instruction, because the object of the home invasion was robbery, and the kidnapping carried out by those present was only incidental. Although Garzon could have been found guilty as a principal, the manner in which the jury was instructed made it unnecessary for the jury to consider whether Garzon had the intent, under the principals instruction, for the kidnapping to have occurred.
939 So.2d at 289; see also Harris v. State, 937 So.2d 211, 212 (Fla. 3d DCA) (holding, based on a totality of the circumstances approach, that the "and/or" jury instruction was fundamental error), review dismissed, 942 So.2d 413 (Fla.2006).
I would follow Harris's fact-based approach to conclude that use of "and/or" in the jury instructions in this case constituted fundamental error. Here, appellant was found some unknown distance from the trailer, lying in a field, without any burglary tools or stolen items in his possession. There was no evidence presented that appellant was directly involved in the burglary of the trailer or theft of any cargo. The "and/or" conjunction might have misled the jury to believe it could convict appellant based solely on the acts of his co-defendant, Delbusto. The addition of the principals instruction did not adequately prevent the jury from misinterpreting the primary instruction on the elements of the crimes. The primary instruction, which was read first to the jury, allowed the jury to convict appellant for Delbusto's crimes without having to consider whether appellant had the necessary intent or involvement. I would therefore reverse this case for a new trial.
NOTES
[1] Delbusto was charged with, but acquitted of, possession of burglary tools.