14 So.3d 1134 (2009)
Matthew PROVOW, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-594.
District Court of Appeal of Florida, Fourth District.
June 17, 2009.
Jason T. Forman of Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
*1135 FARMER, J.
We affirm defendant's conviction, writing to explain why the use of the locution and/or in both the charge and a jury instruction in this case does not constitute error.
Among other things, defendant was charged with at once resisting two police officers whose names were joined in the charge by the compound conjunctive/disjunctive and/or. At trial the State presented testimony that defendant fought both officers simultaneously as they attempted to detain him for questioning about a reported incident of domestic violence.
Testimony (obviously believed by the jury) established these essential facts. As defendant bolted from the upstairs of the apartment building, one officer (PO1) yelled for him stop. When he continued to flee, the officer told another officer (PO2) to head him off at a stairway. At the bottom of that stairway, defendant crashed into PO2 who managed to hold onto him. Defendant strained to break away and then, as the one officer testified, "the fight was on." At that point PO1 joined the fray. During the course of the ensuing fight, defendant kicked PO2 in the groin and bit him on the arm, while also using a police baton to hit PO1. The baton caused a serious laceration on PO1's head, which bled "profusely" according to the testimony. Eventually the officers together brought defendant under control with handcuffs and placed him under arrest.
Defendant made no objection to the charge at any time before or during trial.[1] Nor did he object to the use of and/or in the standard jury instruction.[2] On appeal he now argues that it was fundamental error to instruct the jury that the State could prove the single charge that he resisted PO1 and/or PO2 by doing violence to PO1 and/or PO2. He relies on the decisions in Wallace v. State, 724 So.2d 1176, 1181 (Fla.1998), and Love v. State, 971 So.2d 280 (Fla. 4th DCA 2008). Neither decision helps him.
Before we look at these cases, a word about the semantics of and/or is indicated. The venerable British grammarian, Henry Fowler, had this to say about and/ or:
"The ugly device of writing x and/or y to save the trouble of writing x or y or both of them is common and convenient in some kinds of official, legal, and business documents, but should not be allowed outside of them."
FOWLER'S MODERN ENGLISH USAGE (2d ed.) at 29.[3] Plainly, his only point is that while *1136 and/or does express a logically possible choicenamely, either or bothto him it is unstylish or "ugly". But his condemnation is solely on aesthetic grounds, not because it fails to describe correctly the conjunctive/disjunctive possibility presented by a set of facts. Hence, as a matter of legal semantics, when the law prescribes or permits that same logical possibility, and/or may properly be employed to explain it. It may not be used, however, when the only legal choice is disjunctive, with one negating the other, or when the selection of both creates a legally intolerable ambiguity.
Passing on then to the cases, Wallace holds that defendant's continuous violent resistance of multiple officers constitutes only one instance of resisting.[4] Fair enough. And here defendant was charged in a single count with continuously and violently resisting multiple officers. Under Wallace he could have been convicted for this single offense if he resisted either or both officers at the same time. There is no error in using and/or to express this thought, for it is both prescribed and permitted by law.
Because and/or correctly expressed the meaning of the statute that defendant could be found guilty of resisting with violence if he resisted either officer or both at the same time, the same conjunctive/disjunctive may properly be used in the jury instructions to convey the applicable legal rule to the jury.[5] For that reason, Love v. State, 971 So.2d 280 (Fla. 4th DCA 2008), is inapt because the error in that case lay in attempting so to instruct the jury as to two separate crimes of battery on two different officers. Again, this case involves only a single count of resisting multiple officers with violence, which could be proved by specifying either or both.
Affirmed.
POLEN, J., concurs.
GERBER, J., specially concurring.
This latest and/or issue has arisen because the standard jury instruction for the charge of resisting officer with violence, upon which the trial court apparently relied below, has been outdated since the supreme court's holding in Wallace v. State, 724 So.2d 1176 (Fla.1998).
As the majority opinion states, Wallace holds that a defendant's continuous violent resistance of multiple officers constitutes only one instance of resisting. Id. at 1181. However, the standard jury instruction for the charge of resisting an officer with violence does not contemplate the possibility that one instance of resisting may involve multiple officers. Instead, the standard jury instruction recommends that a trial court insert the name of only one officer as the "victim" of the offense:
21.1 RESISTING OFFICER WITH VIOLENCE § 843.01, Fla. Stat.
To prove the crime of Resisting Officer with Violence, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) knowingly and willfully [resisted] [obstructed] [opposed] (victim) by [offering to do [him][her] violence] [doing violence to [him][her]].

*1137 2. At the time, (victim) was engaged in the [execution of legal process] [lawful execution of a legal duty].
3. At the time, (victim) was [an officer] [a person legally authorized to execute process].
4. At the time, (Defendant) knew (victim) was [an officer] [a person legally authorized to execute process].
The court now instructs you that every (name of official position of victim designated in charge) is an officer within the meaning of this law.
"Offering" to do violence means threatening to do violence.
Because the standard jury instruction does not contemplate the possibility of there being more than one "victim" of the single offense, it is understandable that trial courts have had difficulty applying the standard instruction to the multiple officer situation. See Love v. State, 971 So.2d 280, 288 (Fla. 4th DCA 2008) ("The `and/or' instruction on the resisting count presents similar problems.").
To fit both the single officer and multiple officer situations, we recommend that the Committee on Standard Jury Instructions for Criminal Cases propose to the supreme court the following revisions to the standard jury instruction:
21.1 RESISTING OFFICER WITH VIOLENCE § 843.01, Fla. Stat.
To prove the crime of Resisting Officer with Violence, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) knowingly and willfully [resisted] [obstructed] [opposed] (victim) any officer by [offering to do [him][her] violence] [doing violence to [him][her]] to any officer.

2. At the time, (victim) was the [officer was] [officers were] engaged in the [execution of legal process] [lawful execution of a legal duty].
3. At the time, (victim) the [person] [persons] to whom (Defendant) [offered to do violence] [did violence] was [was an officer] [were officers] [a person legally authorized to execute process].
4. At the time, (Defendant) knew (victim) the [person] [persons] to whom (Defendant) [offered to do violence] [did violence] was [was an officer] [were officers] [a person legally authorized to execute process].
The court now instructs you that every (name of official position of victim officer or officers designated in charge) is an officer within the meaning of this law.
"Offering" to do violence means threatening to do violence.
Although these proposed revisions obviously could not prevent the and/or issue from arising in this case, they may prevent the issue from arising in future cases.
NOTES
[1] The State charged (1) resisting the two named officers with violence, (2) aggravated battery on one, and (3) depriving an officer of a means of protection or communication. The jury found him guilty only of the first two charges.
[2] The jury instruction read as follows:

"To prove the crime of Resisting an Officer with violence, the State must prove the following 3 elements beyond a reasonable doubt:
1.[Defendant] knowingly and willfully resisted or obstructed or opposed [PO1] and/or [PO2] by doing violence to [PO1] and/or [PO2].
2. At the time [PO1] and/or [PO2] were engaged in the lawful execution of a legal duty. And
3. At the time [PO1] and [PO2] were Police Officer[s-? ]."
[3] See also Cochrane v. Florida East Coast Ry., 107 Fla. 431, 145 So. 217, 218-19 (1932) ("In the matter of the use of the alternative, conjunctive phrase `and/or,' it is sufficient to say that we do not hold this to be reversible error, but we take our position with that distinguished company of lawyers who have condemned its use. It is one of those inexcusable barbarisms which was sired by indolence and dammed by indifference.... I am unable to divine how such senseless jargon becomes current. The coiner of it certainly had no appreciation for terse and concise law English").
[4] See Knight v. State, 819 So.2d 883 (Fla. 4th DCA 2002) (so explaining Wallace).
[5] We agree entirely with Judge Gerber's concurring opinion and urge the adoption of the changes to the Standard Jury Instruction he has proposed.