HAWKES, C.J.
 

 Appellant (the Defendant) was convicted of Aggravated Assault By Threat With Firearm. In this appeal, he challenges his conviction claiming (1) the trial court committed fundamental error when it charged the jury using an instruction that contained the language “and/or”; (2) the trial court abused its discretion by admitting unauthenticated evidence; and (3) the trial court abused its discretion in determining the State’s witnesses did not violate the rule of sequestration. We affirm the conviction and write only to address the trial court’s use of the “and/or” language in its jury instruction.
 

 Facts
 

 During the Defendant’s trial, State’s witnesses Ebony McCants, Ferlonda Gaines, and Quentin McCants testified to the following:
 

 On May 24, 2008, the Defendant entered the apartment that Ms. McCants, Ms. Gaines, and Mr. McCants were sleeping in and attacked Ms. McCants. He then brandished a handgun, pointed it at Ms. McCants and threatened to shoot her. The incident caused Ms. Gaines, Mr. McCants, and Ms. McCants’ two young children to gather in the front room of the apartment. The Defendant proceeded to waive the handgun around the room, pointing it at each witness. When Ms. Gaines reached for the phone to call the police, the Defendant fired a shot at the phone. He then fired a second shot into the wall near where Ms. McCants was standing.
 
 *709
 
 Immediately after the Defendant left the apartment, the three victims called the police and reported the incident. All three witnesses testified they were afraid for their lives.
 

 At the close of trial, the court read the following instruction:
 

 3.3 AGGRAVATED ASSAULT BY THREAT WITH FIREARM
 

 To prove the crime of Aggravated Assault By Threat With Firearm, the State must, prove the following four elements beyond a reasonable doubt.
 

 1. JOSHUA RAJA CROOM intentionally and unlawfully threatened, either by word or act, to do violence to Ferlonda Latorrus Gaines and/or Ebony Anttionette McCants and/or Quentin Jones ...
 

 2. At the time, JOSHUA RAJA CROOM appeared to have the ability to carry out the threat.
 

 3. The act of JOSHUA RAJA CROOM created in the mind of Ferlonda La-torrus Gaines and/or Ebony Anttion-ette McCants and/or Quentin Jones ... a well-founded fear that the violence was about to take place.
 

 4. The assault was made with a deadly weapon; to wit, a firearm.
 

 Standard of Review
 

 This Court reviews a defendant’s unpreserved claim that a trial court committed fundamental error
 
 de novo. See Garzon v. State,
 
 980 So.2d 1038, 1043 (Fla.2008) (holding courts are required to exercise their discretion “very guardedly,” finding fundamental error only in “rare cases” where the interest of justice compels them to do so);
 
 see also Housing Auth. of City of Tampa v. Burton,
 
 874 So.2d 6, 8-9 (Fla. 2d DCA 2004).
 

 Preservation
 

 Jury instructions are subject to the contemporaneous objection rule.
 
 See State v. Delva,
 
 575 So.2d 643, 644 (Fla.1991) (holding a trial court’s un-objected to decision regarding the reading of a jury instruction will be upheld on appeal provided it did not constitute fundamental error);
 
 see also Farina v. State,
 
 937 So.2d 612, 629 (Fla.2006) (holding “the sole exception to the contemporaneous objection requirement is fundamental error”). In the proceedings below, Defendant did not object to the court reading a jury instruction that included the “and/or” language. Thus, to prevail, he must demonstrate the instruction resulted in fundamental error.
 

 Fundamental Error Analysis
 

 For a jury instruction error to be considered fundamental, it must have “reach[ed] down into the validity of the trial” to the extent that a guilty verdict “could not have been obtained without the assistance of the alleged error.”
 
 Delva,
 
 575 So.2d at 644. To determine whether an instruction error vitiated the “validity of the trial,” courts conduct a totality of the circumstances analysis.
 
 See Garzon v. State,
 
 980 So.2d 1038, 1043 (Fla.2008) (holding “the Fourth District was correct in examining the totality of the record to determine if the “and/or” instruction met the exacting requirements of fundamental instruction error”);
 
 see also Hunter v. State,
 
 8 So.3d 1052 (Fla.2008);
 
 and see Victorino v. State,
 
 23 So.3d 87 (Fla.2009). Accordingly, if the totality of the circumstances indicates there is no reasonable possibility an alleged jury instruction error contributed to the verdict, the error is not fundamental.
 
 See id.; see also Farina v. State,
 
 937 So.2d 612, 629 (Fla.2006).
 

 Use of “and/or” Language in Jury Instructions
 

 Prior to 2008, the Florida Supreme Court had not applied the above funda
 
 *710
 
 mental error analysis in a case where an un-objeeted to jury instruction was challenged for containing the phrase “and/or.” In the 2008 case of
 
 Garzon v. State,
 
 the Court entered an opinion holding: (1) the issue of whether use of the conjunction “and/or” in a jury instruction constitutes fundamental error differs in scope from
 
 Delva/Reed
 
 issues
 
 [1]
 
 ; therefore, (2) courts must conduct a totality of the circumstances analysis to determine whether it was fundamental error for a court to charge a jury with an instruction containing “and/or” language. 980 So.2d 1038, 1043 (Fla.2008).
 

 In reaching this conclusion, the Court stated:
 

 Though we do not find fundamental error in this ease, we do conclude that the use of the “and/or” instructions was error. We condemned the use of the phrase “and/or” over seventy years ago, and we reiterate that condemnation today. C
 
 f. Cochrane v. Florida East Coast Ry. Co.,
 
 107 Fla. 431, 145 So. 217, 218 (1932) (“In the matter of the use of the alternative, conjunctive phrase ‘and/ or,’ it is sufficient to say that we do not hold this to be reversible error, but we take our position with that distinguished company of lawyers who have condemned its use.”).
 

 Id.
 
 at 1045 (quoting
 
 Cochrane v. Florida East Coast Ry. Co.,
 
 107 Fla. 431, 145 So. 217, 218 (1932)).
 

 Although, pursuant to
 
 Ga/rzon
 
 and its progeny, courts must analyze the specific facts of a case to determine if the totality of the circumstances demonstrate fundamental error,
 
 [2]
 
 it is worth noting that a majority of the courts charged with deciding the specific issue of whether it is fundamental error to include the “and/or” conjunction between
 
 the names of victims
 
 in a jury instruction have ruled it is not.
 
 See e.g., Wilson v. State,
 
 933 So.2d 598, 600 (Fla. 3d DCA 2006) (holding because the court placed the “and/or” conjunction between the names of the two victims rather than co-defendants it “in no way prejudiced [the defendant]” and did not result in fundamental error);
 
 and see Provow v. State,
 
 14 So.3d 1134 (Fla. 4th DCA 2009) (holding “[t]he phrase ‘and/or’ may be used in a jury instruction when the law prescribes or permits the conjunctive/disjunctive logical possibility, but it may not be used when the only legal choice is disjunctive, with one negating the other, or when the selection of both creates a legally intolerable ambiguity”).
 

 The Instant Case
 

 As the Supreme Court made clear, it is the totality of the circumstances that dictate whether an errant instruction is fundamental error. Here, based on the totality of the circumstances, there was overwhelming evidence that the Defendant committed an assault on all three of the victims named in the instruction. Each victim testified that they were in the same room as the Defendant when he brandished a handgun, that the Defendant proceeded to point the handgun at each one of the victims while threatening to kill them, that the Defendant fired the handgun twice (once at the phone when a victim attempted to call the police, a second time into the room’s wall), and that they were
 
 *711
 
 each terrified that the Defendant was going to kill them.
 

 Accordingly, we find the totality of the circumstances indicates the trial court’s use of the “and/or” language did not reach into the validity of the trial to the extent that a guilty verdict could not have been obtained without it. The trial court’s ruling is hereby affirmed.
 

 ROBERTS and CLARK, JJ., concur.
 

 [1]
 

 . In both
 
 Delva
 
 and
 
 Reed,
 
 the Supreme Court found fundamental error where a trial court failed to instruct the jury on an element of the crime.
 
 See State v. Delva,
 
 575 So.2d 643, 644 (Fla.1991);
 
 Reed v. State,
 
 837 So.2d 366, 370 (Fla.2002).
 

 [2]
 

 .
 
 Hunter v. State,
 
 8 So.3d 1052;
 
 Victorino,
 
 23 So.3d 87 (determining that, based on the totality of the circumstances, the instructional error of using "and/or” in the felony murder instruction was not fundamental).