DAMOORGIAN, J.
 

 Appellant, Courtney Dempsey, appeals his judgment and sentence for attempted first-degree murder with a firearm, three counts of robbery with a firearm, and one count of attempted robbery with a firearm. Dempsey raises three issues for our review. Finding no merit to Dempsey’s arguments, we affirm his judgment and sentence.
 

 Upon remand from this court in
 
 Dempsey v. State,
 
 939 So.2d 1165 (Fla. 4th DCA 2006) (hereinafter
 
 “Dempsey I”),
 
 Dempsey was retried on attempted first-degree murder with a firearm, four counts of robbery with a firearm, and one count of attempted robbery with a firearm. The victims testified that they were robbed in a parking lot by two men wearing ski masks and carrying revolvers. After the robbery, the two men ran to a car and drove away. At about the same time, another vehicle entered the parking lot. The occupants in this vehicle identified the getaway car to the victims as a white Altima. This information was relayed to the police, who then issued a BOLO.
 

 Shortly after the robbery, an officer who had received the BOLO on his radio saw a white Altima pass him at a high rate of speed. The officer began following the vehicle, at which point one of the suspects began firing a gun from the passenger
 
 *260
 
 window at the officer. The suspects pulled off the road and ran from the vehicle. Dempsey was ultimately apprehended and identified by the officer as the man running from the passenger side of the Alti-ma.
 

 On appeal, Dempsey argues that the trial court erred by: 1) instructing the jury on attempted felony murder on retrial when that charge was not instructed at the first trial; 2) instructing the jury on the robbery charges by using “and/or” when referring to the victims; and 3) imposing mandatory life sentences because it amounted to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Article I, section 12 of the Florida Constitution.
 

 In the first trial, Dempsey was convicted of attempted first-degree murder with a firearm. In that trial, the jury was not instructed on attempted felony murder. At the second trial, over Dempsey’s objection, the court instructed the jury on attempted felony murder. Dempsey reasons that in doing so, the trial court infringed “on the right to retrial without [expanding] jeopardy for the same offense.” The State counters, and we agree, that “double jeopardy does not bar the inclusion of the jury instruction on attempted felony murder” because the instruction was “not based on a vacated charge, and evidence adduced at the second trial supported a jury finding of either attempted first-degree murder or attempted felony murder.” In
 
 Dempsey I,
 
 we reversed for a new trial based on an error with the “and/or” conjunction in the jury instructions when referring to the defendants, not for a lack of proof on the charges against him.
 
 See Murray v. State,
 
 3 So.3d 1108, 1124 (Fla.2009) (citing
 
 Lockhart v. Nelson,
 
 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988));
 
 see also Hankerson v. State,
 
 929 So.2d 691, 691 (Fla. 1st DCA 2006) (principles of double jeopardy do not apply when defendant’s earlier conviction is reversed on grounds other than the sufficiency of the evidence).
 

 Dempsey also contends that he was forced to defend an additional, alternative criminal charge,
 
 ie.
 
 attempted felony murder, which was not a part of the first trial. He argues that because the verdict form did not indicate on which alternative legal basis the jury found him guilty, it was not possible to determine which theory of attempted first-degree murder the jury may have relied upon. This determination is not necessary because attempted first-degree murder subsumes both attempted felony murder and attempted premeditated murder.
 

 In
 
 O’Callaghan v. State,
 
 429 So.2d 691 (Fla.1983), the Florida Supreme Court held, “ ‘[T]he state does not have to charge felony murder in the indictment but may prosecute the charge of first-degree murder under a theory of felony murder when the indictment charges premeditated murder.’ ”
 
 Id.
 
 at 695 (quoting
 
 State v. Pinder,
 
 375 So.2d 836, 839 (Fla.1979)). The court concluded that a criminal defendant, “because of our reciprocal discovery rules, [has] full knowledge of both the charges and the evidence that the state would submit at trial.”
 
 O’Callaghan,
 
 429 So.2d at 695;
 
 see also Stanley v. State, 57
 
 So.3d 944, 948 (Fla. 4th DCA 2011) (reiterating the rule from
 
 O’Callaghan
 
 and holding that because a conviction “under a felony murder theory is legal where the indictment charged premeditated murder, ... a conviction under a premeditated murder theory is legal where the indictment charged felony murder.”).
 

 Applying the holdings of
 
 O’Callaghan
 
 and
 
 Stanley,
 
 we conclude that Dempsey could have been charged with attempted first-degree murder, and the State could
 
 *261
 
 have prosecuted Dempsey under either attempted premeditated murder or attempted felony murder, without violating his right against double jeopardy. Therefore, we hold there was no error with the trial court’s instruction on attempted felony murder.
 

 Dempsey next argues that the trial court erred by using “and/or” when referring to the victims in the robbery jury instructions. He relies on our previous decision in
 
 Dempsey I
 
 and contends that the instructions permitted his conviction without a separate determination of his conduct or intent. In the first trial, the “and/or” conjunction was utilized to instruct the jury that it could convict Dempsey based on the conduct of his co-defendant.
 
 Dempsey I,
 
 939 So.2d at 1167. We held that use of the “ ‘and/or’ [conjunction in the] written instructions ... [was] incorrect as to the elements which had to be proven by the state for each defendant. ...”
 
 Id.
 

 We first note that Dempsey did not object to the jury instructions below. “The claimed error thus was not preserved for appeal and, therefore, does not constitute reversible error unless we conclude that the error was fundamental.”
 
 Wilson v. State,
 
 933 So.2d 598, 599 (Fla. 3d DCA 2006) (citation omitted). Courts must analyze the totality of the record to determine if an errant instruction is fundamental error. Ga
 
 rzon v. State,
 
 980 So.2d 1038, 1043 (Fla.2008);
 
 Croom v. State,
 
 36 So.3d 707, 709 (Fla. 1st DCA 2010).
 

 Although the use of the “and/or” conjunction in the jury instructions constitutes a valid basis upon which a conviction may be vacated, these eases usually involve the use of the “and/or” conjunction between the name of the defendant and a co-defendant.
 
 See Dempsey I,
 
 939 So.2d at 1167;
 
 Dorsett v. McRay,
 
 901 So.2d 225, 226 (Fla. 3d DCA 2005);
 
 Concepcion v. State,
 
 857 So.2d 299, 301 (Fla. 5th DCA 2003). However, in
 
 Garzón,
 
 the Florida Supreme Court concluded that no fundamental error occurred, in part because other instructions “properly framed the use of the ‘and/ or’ instruction” regarding the defendants.
 
 Garzon,
 
 980 So.2d at 1044. In reaching its holding, the court noted that the “verdict forms focused on one defendant and one crime each. The jury therefore had before it individualized jury forms that further reinforced the individualized consideration each defendant was to receive.”
 
 Id.
 

 A number of courts have ruled that it is not fundamental error to include the “and/ or” conjunction between the names of
 
 victims
 
 in a jury instruction.
 
 See Croom,
 
 36 So.3d at 711 (holding that the “totality of the circumstances indicates the trial court’s use of the ‘and/or’ language [for the victims] did not reach into the validity of the trial to the extent that a guilty verdict could not have been obtained without it”);
 
 Provow v. State,
 
 14 So.3d 1134, 1135 (Fla. 4th DCA 2009) (concluding that
 
 “and/or
 
 correctly expressed the meaning of the statute that defendant could be found guilty of resisting with violence if he resisted either officer or both at the same time, the same conjunctive/disjunctive may properly be used in the jury instructions to convey the applicable legal rule to the jury”) (emphasis in original);
 
 Wilson,
 
 933 So.2d at 599 (holding that the placement of the “and/or” conjunction between the names of victims rather than co-defendants did not prejudice the defendant and was not fundamental error).
 

 Here, as in the cases cited above, the “and/or” conjunction was used to separate the names of the robbery
 
 victims,
 
 not to instruct the jury that it could convict Dempsey based on the conduct of his co-defendants. Moreover, the jury was provided with separate verdict forms containing the name of each specific victim for
 
 *262
 
 each count of robbery.
 
 See Garzon,
 
 980 So.2d at 1044.
 

 The instruction still preserved the right of Dempsey to be charged separate from the acts of his co-defendants, while not repeating the elements of each offense for every victim. Any confusion that may have resulted from the jury instructions was cured by the use of separate verdict forms containing the name of the individual victim for each count of robbery. Therefore, we conclude there was no fundamental error in the court’s use of the “and/or” conjunction when referring to the victims.
 

 Dempsey also contends that it was error for the court to allow the prosecutor during closing argument to state that the jury could substitute the co-defendants’ names with Dempsey. Again, Dempsey did not object to the prosecutor’s comments at trial. Failure to raise a contemporaneous objection when improper closing arguments are made waives any claim to the argument on review, except when the comments rise to the level of fundamental error.
 
 Poole v. State,
 
 997 So.2d 382, 390 (Fla.2008). The prosecutor’s comments did not amount to fundamental error because the prosecutor was arguing that Dempsey was guilty under a principal theory, which was later provided by the court in its written instructions to the jury. “ ‘Closing argument is an opportunity for counsel to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence.’ ”
 
 Hildwin v. State,
 
 — So.3d -, -, 2011 WL 2149987 (Fla. 4th DCA 2011) (Fla.2011) (quoting
 
 Merck v. State,
 
 975 So.2d 1054, 1061 (Fla.2007)). The evidence at trial established that Dempsey helped his co-defendants commit the crimes, he had a conscious intent that the crimes be committed, and he caused, encouraged, or assisted his co-defendants commit the crimes.
 

 Lastly, Dempsey argues that the imposition of mandatory life sentences amounted to cruel and unusual punishment in violation of the United States Constitution and the Florida Constitution. Dempsey claims that a life sentence was cruel and unusual punishment because it was disproportionate to the crime he committed as a twenty-one year old. A review of a sentence in the context of a constitutional violation is subject to de novo review.
 
 Guzman v. State,
 
 68 So.3d 295, 296 (Fla. 4th DCA 2011).
 

 The trial court found that Dempsey was a “prison releasee reoffender.” Under section 775.082(9), Florida Statutes, a defendant who qualifies as a “prison releasee reoffender” must be sentenced in accordance with the Prison Releasee Reoffender Act (“Act”). Under the Act, for a felony “punishable by life,” a defendant is subject to a mandatory sentence of life imprisonment. § 775.082(9)(a)3.a., Fla. Stat. (2002)
 

 Furthermore, Dempsey was convicted of attempted first-degree murder, which is subject to life imprisonment.
 
 See
 
 §§ 782.04(l)(a), 777.04(4)(b), 775.087(l)(a), 775.082(3)(a)3., Fla. Stat. (2002). The State points out that Dempsey was not a juvenile at the time of the crimes, and Dempsey cites to no case law to support his proposition that his life sentence is cruel and unusual punishment in violation of the United States Constitution and the Florida Constitution. We agree and will not disturb an otherwise lawful sentence imposed by the trial court. Based upon the foregoing, we affirm Dempsey’s judgment and sentence.
 

 Affirmed.
 

 CIKLIN and LEVINE, JJ., concur.