On Motion for Rehearing

PER CURIAM.
We deny the motion for rehearing, withdraw our previously issued opinion and substitute the following in its place.
In this appeal of the summary denial of appellant’s motion for postconviction relief, appellant makes multiple claims, none of which require reversal.
First, appellant claims that counsel failed to investigate or present an insanity defense and also failed to investigate his competency to stand trial. These may be summarily denied on the authority of Spencer v. State, 842 So.2d 52, 63 (Fla. 2003), and Gutierrez v. State, 860 So.2d 1043, 1045 (Fla. 5th DCA 2003). Moreover, appellant has not claimed that he was in fact insane at the time of the murder for which he was convicted, nor has he alleged that he was incompetent to stand trial.
He also complains that trial counsel was ineffective for failing to object to the admission of his own exculpatory statement when it was introduced at trial by the state. Objection to the statement would have been fruitless because the statement was admissible as an admission *1001 of a party opponent pursuant to State v. Elkin, 595 So.2d 119, 120 (Fla. 3d DCA 1992).
On another ineffectiveness claim, he contends that trial counsel was ineffective for failure to sufficiently impeach two state witnesses. These claims are conclusively refuted by the record. While one witness, a victim of the shooting, testified to his identification of the appellant on the night of the shooting, defense counsel brought out that the victim was unable to identify appellant in court as the shooter, which allowed defense counsel to argue in closing that the victim had misidentified the defendant. We agree with the state that appellant has not alleged any deficiency, nor has he suggested any other method by which defense counsel could have impeached the victim. As to the other witness, appellant claims that his counsel should have impeached her with a prior statement in which she testified that she was under the influence of drugs and alcohol at the time of the shooting, thus discrediting her in-court identification of appellant as the shooter. However, there was other evidence that the witness had been drinking and doing drugs prior to the incident, including her own admission at trial. Again defense counsel used this to claim misidentification, and appellant has not shown that any other tactic would have produced a different result in the trial. Additionally, none of the claims survive the prejudice prong of the Strickland[1] analysis, nor does his claim of misadvice by defense counsel regarding the state’s right to reveal prior convictions were he to testify-
Appellant also makes two claims regarding his sentencing. First, he argues that his counsel was ineffective for failing to object to the unequal and lesser sentence of his equally culpable co-defendant. Appellant qualified for sentencing enhancements for multiple reasons, including: possession and discharge of a firearm; a finding that he was a prison releasee reoffender; and qualification under the 10/20/Life statute, requiring the imposition of a mandatory minimum sentence. Moreover, nowhere does he allege whether his co-defendant was subject to the same sentencing enhancements as was he.
Second, he makes a claim that his sentence to life in prison without possibility of parole on count I for attempted first degree murder was disproportionate to the offense and unconstitutionally cruel and unusual punishment. In Dempsey v. State, 72 So.3d 258, 262 (Fla. 4th DCA 2011), we held that the imposition of mandatory life sentences on a defendant convicted of attempted first degree murder with a firearm, robbery with a firearm and attempted robbery with a firearm was not unconstitutionally cruel and unusual punishment where the defendant was found to be a prison release reoffender. The Prison Releasee Reoffender Act mandated life for a defendant convicted of a felony punishable by life, such as attempted first degree murder. Id.
Finally, appellant claims that he should be entitled to amend his motion pursuant to Spera v. State, 971 So.2d 754, 761 (Fla.2007). We disagree. Appellant has filed an initial brief which merely cites Spera and argues in a footnote that any claims denied as facially insufficient should have been denied without prejudice to amend. Where the movant’s initial brief fails to establish that a claim can be amended in good faith to become legally sufficient, or how it could be done, this court will not reverse a summary denial order and remand to allow further amend *1002 ments. See Cortes v. State, 85 So.3d 1135 (Fla. 4th DCA 2012); Hammond v. State, 34 So.3d 58, 61 (Fla. 4th DCA 2010).
Not only has appellant already amended his claim once, both motions being filed by counsel, but the trial court denied the motions, not as facially insufficient, but as conclusively refuted by the record or legally insufficient. He is not entitled to a third motion for postconviction relief in these circumstances.

Affirmed.

WARNER, DAMOORGIAN and GERBER, JJ., concur.

. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).