CIKLIN, J.
Michelle Terrien was tried and convicted for (1) introduction of contraband into a state correctional institution and (2) conspiracy to introduce contraband into a state correctional institution. On appeal, she argues that the trial court fundamentally erred when it instructed the jury on an alternative theory for committing the first offense which was not alleged in the charging document. We agree and therefore reverse Terrien’s conviction for introduction of contraband into a state correctional institution.[1]
*649 On March 25, 2009, the state charged Terrien with, among other crimes, introduction of contraband into a state correctional institution, in violation of section 944.47, Florida Statutes (2008). The information specifically alleged that Terrien “did unlawfully introduce into or upon the grounds of a state correctional institution, U.S. CURRENCY, or take or attempt to take or send or attempt to send therefrom, U.S. CURRENCY, a contraband article.”
At the conclusion of the trial, the jury was instructed that for introduction of contraband into a state correctional institution, the state had to prove either that Terrien “introduced contraband into or upon the grounds of, and/or knowingly possessed contraband in or upon the grounds of a state correctional institution.” No objection was directed at these instructions. The jury found Terrien guilty of introduction of contraband into a state correctional institution, as charged in the information. Terrien now appeals this conviction.
“A trial court’s decision regarding jury instructions is reviewed under the abuse of discretion standard.” Bozeman v. State, 931 So.2d 1006, 1008 (Fla. 4th DCA 2006). Because Terrien did not object to the jury instructions, any error regarding them was not preserved for appeal unless we find that the error was fundamental. Dempsey v. State, 72 So.3d 258, 261 (Fla. 4th DCA 2011). Whether an error is fundamental is a de novo determination. See Croom v. State, 36 So.3d 707, 709 (Fla. 1st DCA 2010) (“This Court reviews a defendant’s unpreserved claim that a trial court committed fundamental error de novo”).
This case is controlled by a simple rule: “[I]t is fundamental error to instruct the jury on an uncharged alternate theory of an offense when it is impossible to ascertain whether the jury convicted the defendant of the uncharged theory rather than the charged theory.” Beasley v. State, 971 So.2d 228, 230 (Fla. 4th DCA 2008).
Section 944.47 provides multiple, distinct methods to commit the offense of introducing contraband into a state correctional institution:
(l)(a) Except through regular channels as authorized by the officer in charge of the correctional institution, it is unlawful to introduce into or upon the grounds of any state correctional institution, or to take or attempt to take or send or attempt to send therefrom, any of [a list of enumerated] articles which are hereby declared to be contraband for the purposes of this section....
[[Image here]]
(c) It is unlawful for any inmate of any state correctional institution or any person while upon the grounds of any state correctional institution to be in actual or constructive possession of any article or thing declared by this section to be contraband, except as authorized by the officer in charge of such correctional institution.
§ 944.47, Fla. Stat. (2008) (emphasis added).
The state charged Terrien by information with “introduc[ing] into or upon the grounds of a state correctional institution, U.S. CURRENCY, or tak[ing] or attempt[ing] to take or sending] or attempting] to send therefrom, U.S. CURRENCY, a contraband article.” This language tracks squarely with section 944.47(l)(a). Thus, Terrien was accused of committing the charged offense under section 944.47(l)(a). The information did not accuse Terrien of possessing contraband inside a state correctional institution, found under section 944.47(l)(c).
However, the trial court instructed the jury on both 944.47(l)(a) and (l)(c). These *650 instructions constituted fundamental error because the jury was instructed on a method of committing the offense which was not charged in the information, and based on the evidence and arguments presented at trial, we cannot say that the uncharged method was not at issue in this case.
Therefore, we reverse Terrien’s conviction for introduction of contraband into a state correctional institution, and remand for a new trial, should the state choose to pursue one.[2] We affirm Terrien’s conviction for conspiracy to introduce contraband into a state correctional institution.

Reversed and remanded in part; affirmed in part.

TAYLOR and GERBER, JJ., concur.

. Terrien also argues that her inculpatory statements to law enforcement should not have been admitted because the waiver of her Miranda rights was not voluntary. Having reviewed the record carefully, we find no merit to this argument and do not discuss it further.

. We note that Terrien has already served the entirety of her one-year jail sentence for the conviction we are now setting aside. As such, should the state successfully pursue a new trial against Terrien, the trial court would not be permitted to resentence her to any more time than she has already served, as her sentence has been completed. See Maybin v. State, 884 So.2d 1174, 1175 (Fla. 2d DCA 2004) ("Once a sentence has already been served, even if it is an illegal sentence or an invalid sentence, the trial court loses jurisdiction and violates the Double Jeopardy Clause by reasserting jurisdiction and resentencing the defendant to an increased sentence.”); cf. Harris v. State, 645 So.2d 386, 388 (Fla.1994) ("Like the United States Supreme Court, we find that the Double Jeopardy Clause is not an absolute bar to the imposition of an increased sentence on remand from an authorized appellate review of an issue of law concerning the original sentence." (emphasis added)).